UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

MUSTAPHA RAJI,

                      Defendant.

- - - - - - - - - - - - - - - - - - - x

INDICTMENT

19 Cr. \_\_\_

**19 CRIM 870**

## COUNT ONE
(Conspiracy to Commit Wire Fraud)

The Grand Jury charges:

1.  From at least in or about July 2018 up to and including at least in or about September 2018, in the Southern District of New York and elsewhere, MUSTAPHA RAJI, the defendant, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

2.  It was a part and an object of the conspiracy that MUSTAPHA RAJI, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television

communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, RAJI participated in a scheme to fraudulently induce a corporate victim to conduct an interstate wire transfer in the amount of approximately $1.7 million, to a bank account controlled by a co-conspirator.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
### (Wire Fraud)

The Grand Jury further charges:

3.   From at least in or about July 2018 up to and including at least in or about September 2018, in the Southern District of New York and elsewhere, MUSTAPHA RAJI, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, RAJI participated in a scheme to fraudulently induce a corporate victim to conduct an

interstate wire transfer in the amount of approximately $1.7 million, to a bank account controlled by a co-conspirator.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT THREE
### (Receipt of Stolen Funds)

The Grand Jury further charges:

4. From at least in or about July 2018 up to and including at least in or about September 2018, in the Southern District of New York and elsewhere, MUSTAPHA RAJI, the defendant, received, possessed, concealed, stored, bartered, sold, and disposed of goods, wares, merchandise, securities, and money, of the value of $5,000 and more, which had crossed a state boundary after being stolen, unlawfully converted, and taken, knowing the same to have been stolen, unlawfully converted, and taken, to wit, MUSTAPHA RAJI received, and aided and abetted the receipt of, approximately $1.7 million in proceeds of a fraud scheme via a wire transfer from a bank in New York to a bank account in Florida controlled by a co-conspirator.

(Title 18, United States Code, Sections 2315 and 2.)

## COUNT FOUR
### (Money Laundering Conspiracy)

The Grand Jury further charges:

5. From at least in or about July 2018 up to and including at least in or about September 2018, in the Southern District of New York and elsewhere, MUSTAPHA RAJI, the defendant, and others known and unknown, knowingly did combine, conspire, confederate and agree together and with each other to commit money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1957(a).

6. It was a part and an object of the conspiracy that MUSTAPHA RAJI, the defendant, and others known and unknown, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such a financial transaction which in fact involved the proceeds of specified unlawful activity, to wit, the wire fraud offenses charged in Counts One and Two of this Indictment, in violation of 18 U.S.C. §§ 1343 and 1349, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

7.  It was further a part and an object of the conspiracy that MUSTAPHA RAJI, the defendant, and others known and unknown, knowingly would and did engage and attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit, the proceeds of the wire fraud offenses charged in Counts One and Two of this Indictment, in violation of Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Section 1956(h).)

### FORFEITURE ALLEGATION

8.  As a result of committing the offenses alleged in Counts One through Three of this Indictment, MUSTAPHA RAJI, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

9.  As a result of committing the offense alleged in Count Four of this Indictment, MUSTAPHA RAJI, the defendant, shall forfeit to the United States, pursuant to Title 18, United

States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

## SUBSTITUTE ASSET PROVISION

10. If any of the above described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property

of the defendant up to the value of the above forfeitable property.

      (Title 18, United States Code, Sections 981 and 982;
        Title 21, United States Code, Section 853; and
        Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
GEOFFREY S. BERMAN
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

- v. -

### MUSTAPHA RAJI.

### INDICTMENT

19 Cr. \_\_\_\_

(18 U.S.C. §§ 1343, 1349, 1956(h), 2315, and 2.)

GEOFFREY S BERMAN
United States Attorney.

*Foreman*

12/4/19 [handwritten notations]