UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                         :

UNITED STATES OF AMERICA          :

                                         :

             -v-                    :            19-CR-870 (JMF)

                                         :

MUSTAPHA RAJI,              :            <u>ORDER</u>

                                         :

                    Defendant.        :

                                         :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        Upon review of the parties' submissions and consideration of the arguments made by

counsel during the telephonic bail hearing held yesterday, the Court GRANTS Defendant's

application for bail.  *See* ECF No. 20.  In particular, having considered the factors set forth in 18

U.S.C. § 3142(g), the Court finds:

> (1) "that information exists that was not known to [Defendant] at the time of the
> hearing and that has a material bearing on the issue whether there are conditions
> of release that will reasonably assure [his] appearance . . . as required and the
> safety of any other person and the community," *id.* § 3142(f), including but not
> limited to the COVID-19 pandemic, the corresponding difficulty of international
> travel, and the difficulty (if not impossibility) of providing Defendant with the
> quality and degree of medical care that he requires while incarcerated; and

> (2) that a "combination of conditions" can be set that would "reasonably assure
> the appearance of [Defendant] as required and the safety of any other person and
> the community," *id.*

Accordingly, and after conferring with Pretrial Services, the Court imposes the following bail

conditions:

- $100,000 personal recognizance bond, co-signed by three "financially responsible
  persons" and secured by $10,000 in collateral;[1]

---

[1]      The Court intimates no view on whether the co-signers proposed by Defendant would be
appropriate.  The Court will leave it to the parties to confer in the first instance and to seek Court
intervention only if necessary.

- Travel limited to S.D.N.Y., E.D.N.Y., and the Southern District of Florida (and, with the approval of Pretrial Services, to districts in between for purposes of traveling between the foregoing districts);

- Surrender of all travel documents and no new applications;

- Pretrial supervision as directed by Pretrial Services;

- Drug treatment and testing as directed by Pretrial Services;

- No opening of any new bank accounts or lines of credit without the approval of Pretrial Services;

- Twenty-four hour home incarceration at his residence located at 2013 Adams Street, Apartment #5, Hollywood, Florida, 33020, to be enforced by location monitoring technology determined by Pretrial Services.  Defendant may leave his residence only for necessary medical services.  All other leave from the residence must be submitted through defense counsel for the Court's approval;

- The defendant is permitted to self-install the location monitoring equipment under the direction and instruction of Pretrial Service;

- Removal of all cohabitants, if any, of the residence as directed by Pretrial Services prior to scheduled home visits;

- Reporting and disclosure to Pretrial Services when any cohabitant of the residence, including himself, may be symptomatic of any illness;

- Adherence to all local and state directives regarding social distancing; and

- Within two weeks of his release, the defendant must purchase or secure an iPhone with FaceTime capabilities for remote/virtual monitoring by Pretrial Services.

Defendant shall not be released until all conditions are met, including the availability of location monitoring equipment.  When the conditions are met, he is to be released subject to any detainers.  If or when the conditions are met, the Government shall make arrangements for Defendant to sign the bond (ideally in a manner that does not require his production to the courthouse) and be released.  Defendant must then report directly to Pretrial Services; he may not leave for the Southern District of Florida without Pretrial Services approval and unless the location monitoring equipment is installed.

2

The Clerk of Court is directed to terminate ECF No. 20.

SO ORDERED.

Dated: May 27, 2020
      New York, New York

                                 JESSE M. FURMAN
                            United States District Judge