

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 25, 2020

**BY ECF AND EMAIL**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

    Re:    <u>United States</u> v. <u>Mustapha Raji</u>, 19 Cr. 870 (JMF)

Dear Judge Furman:

    The Government writes to apprise the Court of a possible Speedy Trial Act issue and to request that the Court exclude time pursuant to the Speedy Trial Act from today until October 29, 2020.

    On June 17, 2020, the defendant submitted a letter jointly with the Government requesting that a pretrial conference scheduled for June 29, 2020 be adjourned to the week of October 26, 2020. (Dkt. No. 24). In that letter the defendant noted his consent to the exclusion of time under the Speedy Trial Act. (*Id.*). That same day, the Court memo endorsed the letter and granted the request for an adjournment to October 29, 2020. (Dkt. No. 25). The Court also directed the Government to "submit a proposed order excluding time through that date." (Dkt. No. 25). With deepest apologies to the Court and the defendant, the Government did not see that direction until yesterday.

    On April 20, 2020, Chief Judge McMahon issued the first standing order ("First Standing Order") which excluded time under the Speedy Trial Act due to the impact of COVID-19 on judicial proceedings. (*See* 20 Misc. 196, Dkt. No. 1). That order directed that "[t]he time period of any continuance entered as a result of this order shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), as the Court finds that the ends of justice served by taking that action outweigh the interests of the parties and the public in a speedy trial." (*Id.* ¶ 6). The time period of exclusion under the First Standing Order ran from April 27, 2020 to June 15, 2020.

    On June 12, 2020, Chief Judge McMahon issued a second standing order ("Second Standing Order") which directed that "[t]he time period of any continuance that must be entered as a result of this order shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), as the Court finds that the ends of justice served by taking that action outweigh the interests of the

parties and the public in a speedy trial." (*See* 20 Misc. 196, Dkt. No. 2 ¶ 8). The period of time excluded under the Second Standing Order ran from June 15, 2020 to September 8, 2020. (*Id.*).

The Second Standing Order has expired and Chief Judge McMahon has informed the public that the Second Standing Order is not presently being renewed. (*See* 20 Misc. 196, Dkt. No. 4).

The Court had previously excluded time in this case until June 29, 2020. (*See* Dkt. No. 18). Assuming that the Second Standing Order applies to this case, approximately 17 days have run on the speedy trial clock.

The Government spoke to defense counsel today and informed counsel of the possible Speedy Trial Act issue. Through counsel, we were informed that the defendant does not intend to move to dismiss the indictment based on a possible violation of the Speedy Trial Act. The parties are currently discussing a possible pretrial disposition.

The Government respectfully requests that the Court exclude time under the Speedy Trial Act from today until October 29, 2020. The Government submits that the ends of justice are served by the requested exclusion of time so that the parties can complete their discussions regarding a possible pretrial disposition and to allow the defendant time to review the extensive discovery so that he can make an informed decision regarding whether to enter into a pretrial disposition. The defendant has no objection to the request.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

By: *Dina McLeod*
Dina McLeod
Eun Young Choi
Assistant United States Attorneys
(212) 637-1040 / -2187

cc: Jeremy Schneider, Esq. (by ECF and email)

Unless the Court is missing something, there would be no basis at this time to move to dismiss on speedy trial grounds, as there would remain 53 days on the speedy trial clock. In any event, the application is GRANTED. For the reasons set forth in the Government's letter, time is hereby excluded under the Speedy Trial Act between today, September 25, 2020, and October 29, 2020. The Clerk of Court is directed to terminate ECF No. 42. SO ORDERED.

September 25, 2020