UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA        :        19 Cr. 870 (JMF)

   - against -        :        <u>Memorandum in Support of Defendant's Motion to Suppress Evidence</u>

MUSTAPHA RAJI,        :
                Defendant.        :
-------------------------------------------------------x

## INTRODUCTION

This memorandum is submitted in support of defendant MUSTAPHA RAJI'S motion to suppress two cellular phones that were unlawfully seized from his home in violation of his Fourth Amendment Rights.

## FACTUAL BACKGROUND

Mr. Raji is charged in the instant indictment with the following: Count One, Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 1349; Count Two: Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 2; Count Three: Receipt of Stolen Funds, in violation of 18 U.S.C. §§ 2315 and 2; and Count Four: Money Laundering Conspiracy, in violation of 18 U.S.C. §§ 1956(1)(B)(i) and 1957(a).

On February 19, 2020, the Federal Bureau of Investigation ("FBI") sought and obtained a warrant authorizing the search and seizure of two cellular phones belonging to Mr. Raji – a silver Samsung phone with a silver case ("Subject Device 1", or the "5485 phone"), and a silver Samsung phone with serial number R28J425GCTV ("Subject Device 2"). According to the Affidavit by FBI Special Task

Force Officer Michael Mulloy that was submitted in support of the Search and Seizure Warrant ("Mulloy Affidavit"), attached hereto as Exhibit A[1], and as confirmed by Mr. Raji, the subject cell phones were seized from Mr. Raji's home at the time of his arrest.[2]

On December 20, 2019, Mr. Raji was arrested at his home in Hollywood, Florida pursuant to an arrest warrant. As stated in an affidavit by Mr. Raji, attached hereto as Exhibit B, that morning, Mr. Raji was sleeping in his living room when he heard knocking on his front door. Ex B at 1. Mr. Raji observed approximately eight law enforcement officers outside of his door with their guns drawn. *Id.* Because his front door was jammed he directed the officers to meet him at the back door. *Id.* Mr. Raji opened the door and the officers led him outside and handcuffed him. *Id.* Some of the officers entered the home while Mr. Raji waited outside with other officers. *Id.* Eventually Mr. Raji was escorted back into the home and brought into the living room area. *Id.* Mr. Raji waited with officers while they gathered some of his personal belongings to take with them. *Id.* Officers then began leading Mr. Raji out of his home. *Id.* As they were doing so, an officer asked Mr. Raji, in sum and substance, "where are your phones?" *Id.* Mr. Raji did not respond to the officer. *Id.* As he proceeded out of the house with the officer, Mr. Raji observed an FBI agent carrying two of Mr. Raji's cell phones. *Id.*

---

[1] Exhibit A will be filed under seal in compliance with the Protective Order in this case.
[2] The Mulloy Affidavit states that prior to Mr. Raji's arrest, law enforcement had obtained a judicially authorized warrant for cellphone location monitoring of Mr. Raji's cell phone, the "5485 Phone," which had been obtained in order to locate Mr. Raji for purposes of executing the arrest warrant. Ex. A at 5.

2

At no time during Mr. Raji's arrest did law enforcement officers present Mr. Raji with a warrant for his phones. Ex. B. at 2. Furthermore, at no time during his arrest did Mr. Raji consent to the seizure of his phones, or ask to use his phones. *Id.*

Mr. Raji was then driven to an FBI office. While in custody at the office, agents instructed Mr. Raji to unlock his phone and provide certain contact information. *Id.* Mr. Raji complied because he did not believe that he had the choice to refuse. *Id.* The agents then retrieved the information from his phone. *Id.*

The Mulloy Affidavit states that Mr. Raji's phones were kept in the FBI's custody prior to seeking the search and seizure warrant dated February 19, 2020. Ex. A. at 6.

## ARGUMENT

The Fourth Amendment states: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause ... particularly describing the place to be searched, and the persons or things to be seized." It is well-settled that "[a] 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interest in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). Absent limited exceptions, "[A] seizure of personal property [is] per se unreasonable within the meaning of the Fourth Amendment unless it is accomplished pursuant to a judicial warrant issued upon probable cause and particularly describing the items to be seized." *United States v. Place*, 462 U.S. 696, 701 (1983).

In this case, law enforcement officers unlawfully seized Mr. Raji's cell phones from his home without a warrant and without Mr. Raji's consent. During his arrest on December 19, 2020, Mr. Raji stood handcuffed surrounded by law enforcement officers while other officers recovered some of his personal belongings. While in custody and being escorted from his home, law enforcement officers questioned Mr. Raji on the whereabouts of his cell phones. He did not respond. Although Mr. Raji did not observe the officers locating and seizing his phones, he observed an FBI agent in possession of his two phones as they exited his home. After being taken to an FBI office, agents instructed Mr. Raji to unlock his phone. Mr. Raji complied, believing that he was unable to refuse.

Because law enforcement officers did not have a warrant to seize the phones, and because Mr. Raji did not consent to the seizure of his phones, it is submitted that the phones were unlawfully seized in violation of Mr. Raji's Fourth Amendment rights. Moreover, no facts exist to suggest that the warrantless seizure of Mr. Raji's cell phones would fall under any exception to the warrant requirement. Based on this constitutional violation, the phones and any evidence derived therefrom must be suppressed. In the alternative, it is respectfully requested that the Court hold a hearing to determine the admissibility of the phones.

## PRESERVATION OF RIGHTS

While Mr. Raji has endeavored to make all applicable pre-trial motions at this time, he respectfully requests permission to make any additional motions that may become necessary or appropriate upon further disclosures by the government.

## CONCLUSION

Based on the foregoing, Mr. Raji respectfully requests that this Court grant his motion for an Order suppressing the phones that were unlawfully seized from his home in violation of his Fourth Amendment rights, or, in the alternative, for a hearing to address the admissibility of such evidence.

Dated:   New York, New York
         January 15, 2021

/ s /
_____
JEREMY SCHNEIDER
Rothman, Schneider,
    Soloway & Stern, LLP
100 Lafayette Street, Ste. 501
New York, New York 10013
(212) 571-5500

5