| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | **19MAG11694** |
| In re: Warrant and Order For Prospective and Historical Location Information and Pen Register Information for the Cellphone Assigned Call Number ▅▅▅ ▅▅▅▅▅ USAO Reference No. 2018R01109 | **AGENT AFFIDAVIT**<br><br>_____ Mag. _____ |

### Agent Affidavit in Support of Warrant and Order
### for Cellphone Location and Pen Register Information

STATE OF NEW YORK    )
                                           ) ss.
COUNTY OF NEW YORK )

Vincent Lai, Special Agent, Federal Bureau of Investigation, being duly sworn, deposes and states:

### I. Introduction

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI" or "Investigating Agency"). As such, I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. During my tenure with the FBI, I have participated in numerous investigations of computer hacking activity. In the course of these investigations, I have conducted or participated in surveillance, the execution of search warrants, and the review of documents and records, including cellphone records such as those sought therein.

2. **Requested Information.** I respectfully submit this Affidavit pursuant to 18 U.S.C. §§ 2703(c) and (c)(1)(A) and the applicable procedures of Federal Rule of Criminal Procedure 41; 18 U.S.C. §§ 2703(d) & 2705; and 18 U.S.C. §§ 3121-3126, in support of a warrant and order for prospective location information, historical location information, toll records, and pen register

information, for the Target Cellphone identified below (collectively, the "Requested Information").

3. **Basis for Knowledge.** This Affidavit is based upon my examination of reports and records and my conversations with other law enforcement agents and other individuals, as well as my training and experience. Because this Affidavit is being submitted for the limited purpose of obtaining the Requested Information, it does not include all the facts that I have learned during the course of this investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated. In addition, unless otherwise indicated, statements by others referenced in this Affidavit were not necessarily made to me, but may have been provided to me by someone else to whom I have spoken or whose report I have read (and who in turn may have had either direct or indirect knowledge of the statement). Similarly, unless otherwise indicated, information in this Affidavit resulting from surveillance does not necessarily set forth my personal observations, but may have been provided to me by other law enforcement agents who observed the events, and to whom I have spoken or whose report I have read.

4. **Target Cellphone, Subscriber, Target Subject, and Service Provider.** The Target Cellphone referenced in this Affidavit is the cellphone assigned call number ▆▆▆▆▆ The subscriber of the Target Cellphone is currently unknown.[1] MUSTAPHA RAJI (or the "Target Subject") is believed to use the Target Cellphone and is a Target Subject of this investigation. T-Mobile is the Service Provider for the Target Cellphone.

5. **Precision Location Capability.** Cellphone service providers have technical capabilities that allow them to collect at least two kinds of information about the locations of the

---

[1] A subpoena is currently pending for subscriber information for the Target Cellphone.

cellphones to which they provide service: (a) precision location information, also known as E-911 Phase II data, GPS data, or latitude-longitude data, and (b) cell site data, also known as "tower/face" or "tower/sector" information. Precision location information provides relatively precise location information about a cellphone, which a provider can typically collect either via GPS tracking technology built into the phone or by triangulating the device's signal as received by the provider's nearby cell towers. Cell site data, by contrast, reflects only the cell tower and sector thereof utilized in routing any communication to and from the cellphone, as well as the approximate range of the cellphone from the tower during the communication (sometimes referred to as "per-call measurement" ("PCM") or "round-trip time" ("RTT") data). Because cell towers are often a half-mile or more apart, even in urban areas, and can be ten or more miles apart in rural areas, cell site data is typically less precise than precision location information. Based on my training and experience, I know that the Service Provider has the technical ability to collect precision location information from any cellphone on its network, including by initiating a signal on the Service Provider's network to determine the phone's location. I further know that cell site data is routinely collected by the Service Provider in the course of routing calls placed to or from any cellphone on its network.[2]

## II. Facts Establishing Probable Cause

6. Although I understand that probable cause is not necessary to obtain all of the Requested Information, I respectfully submit that probable cause exists to believe that the Requested Information will lead to the identification and location(s) of the Target Subject.

---

[2] Toll records are sometimes necessary or helpful in order to obtain or interpret historical cell site data and are therefore also requested herein.

7.  On or about December 4, 2019, a grand jury sitting in the Southern District of New York returned an sealed indictment charging the Target Subject, MUSTAPHA RAJI, with wire fraud, conspiracy to commit wire fraud, receipt of stolen funds, and money laundering conspiracy ("the Subject Offenses"), in connection with his involvement in a scheme to steal and launder $1.7 million that was fraudulently obtained from a victim located in New York, New York. On or about the same day, a warrant for RAJI's arrest was issued in the Southern District of New York (the "Arrest Warrant"). The Indictment and the Arrest Warrant are attached as Exhibits A and B respectively, and are incorporated by reference herein.

8.  On or about December 13, 2019, FBI agents attempted to execute the Arrest Warrant at a residence in Florida where RAJI was believed to reside. However, RAJI was not present at that location.

9.  The Target Cellphone is used by RAJI. According to email communications that I have reviewed between another FBI Special Agent and a representative of a particular bank ("Bank-1"), I have learned the following, in substance and in part:

   a.  On or about October 24, 2019, an investigator for Bank-1 called RAJI at the number for the Target Cellphone to ask RAJI a question about a transfer of funds.

   b.  On or about October 30, 2019, RAJI called an investigator at Bank-1 from the number for the Target Cellphone to ask that Bank-1 remove a hold on one of RAJI's accounts.

   c.  On or about November 15, 2019, RAJI called an investigator at Bank-1 from the number for the Target Cellphone to inform Bank-1 that certain funds would be deposited into RAJI's accounts within the next week.

### III.  Request for Warrant and Order

10. Based on the foregoing I respectfully request that the Court require the Service Provider to provide the Requested Information as specified further in the Warrant and Order proposed

herewith, including prospective precision location and cell site data for a period of 45 days from the date of this Order, historical cell site data and toll records for the period from December 1, 2019 through the date of this Order, and pen register information for a period of 45 days from the date of this Order.

11. **Nondisclosure.** The existence and scope of this ongoing criminal investigation are not publicly known. As a result, premature public disclosure of this affidavit or the requested Warrant and Order could alert potential criminal targets that they are under investigation, causing them to destroy evidence, flee from prosecution, or otherwise seriously jeopardize the investigation. MUSTAPHA RAJI, the defendant, has no legal status in the United States, and thus, if alerted to his impending arrest, would have an incentive to flee. *See* 18 U.S.C. § 2705(b)(2). In addition, RAJI personally received $50,000 in fraud proceeds from the offense, and as such, appears to have the financial means that would facilitate his flight from prosecution. *See id.*

12. Accordingly, there is reason to believe that, were the Service Provider to notify the subscriber or others of the existence of the warrant, the investigation would be seriously jeopardized. Pursuant to 18 U.S.C. § 2705(b), I therefore respectfully request that the Service Provider be directed not to notify the subscriber or others of the existence of the Warrant and Order for a period of one year, and that the Warrant and Order and all supporting papers be maintained under seal until the Court orders otherwise, as specified in the Application submitted in conjunction with this Affidavit.

_____
Vincent Lai
Federal Bureau of Investigation

Sworn to before me this
13th day of December, 2019

S/Sarah L. Cave
_____
HONORABLE SARAH CAVE
United States Magistrate Judge
Southern District of New York