```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                    :
UNITED STATES OF AMERICA                            :
                                                    :
            -v-                                     :    19-CR-870 (JMF)
                                                    :
MUSTAPHA RAJI,                                      :          ORDER
                                                    :
            Defendant.                              :
                                                    :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

    Having reviewed the parties' submissions regarding Defendant's motion to suppress evidence from the two cell phones that were seized from his home during his arrest, *see* ECF No. 53, the Court agrees with the parties that an evidentiary hearing is unnecessary, *see* ECF No. 61, at 7 (conceding that "the need for a hearing appears to be moot"). That said, the Court will hear oral argument on the motion at the next pretrial conference on **May 10, 2021**.

    In particular, the parties should be prepared to address the following issues:

(1) whether the information from 2018 relating to the alleged scheme and Defendant's alleged co-conspirator was too stale to support probable cause for the phones' seizure in December 2019, taking into account the digital nature of the evidence to be seized, *see, e.g.*, *United States v. Ali*, 870 F. Supp. 2d 10, 33-35 (D.D.C. 2012); and

(2) whose knowledge is relevant for purposes of establishing probable cause to seize the phones, *see, e.g.*, *United States v. Armstrong*, 554 F.3d 1159, 1163 (8th Cir. 2009) (holding that in determining whether the incriminating nature of the object to be seized was immediately apparent, the court could "consider the collective knowledge of the officers executing the searches" (internal quotation marks omitted)); *United States v. Gonzalez*, 334 F. Supp. 2d 275, 281 (E.D.N.Y. 2004) ("The government has cited no cases holding that information known to law enforcement officers who are outside a premises may be imputed, absent prior communication or instructions, to agents conducting a search or effecting an arrest within the premises."); *United States v. Ling Zhen Hu*, No. 07-CR-212A, 2010 WL 4451532, at *8 (W.D.N.Y. Nov. 3, 2010) ("As the government correctly notes, law enforcement officers are entitled to rely upon the collective knowledge of *all officers at the scene* for the purposes of determining whether probable cause exists."); *cf. United States v. Colon*, 250 F.3d 130, 135 (2d Cir. 2001) ("[B]y not tracing the information back to any person with the training to make a determination of reasonable suspicion and relying instead on the collective knowledge of 'the department' generally, the government's argument takes the collective knowledge doctrine too

far afield of the reasons underlying its purpose.")

Additionally, no later than **April 30, 2021,** the Government is ORDERED to file a supplemental affidavit or affidavits — ideally from Special Agent Michael Ryan, *see* ECF No. 58, at 9 n.5, or another witness with firsthand personal knowledge — detailing what information was known to the agents who were involved in the seizure, including but not limited to whether and to what extent any agent was aware, at the time of the seizure, of the following:

- Defendant's alleged use of email to send seemingly fraudulent loan documents to his co-conspirator, Nancy Martino-Jean, in August 2018, *see* ECF No. 58-2 ("Gov't Proffer of Facts"), at ¶ 7;

- Martino-Jean's use of email and WhatsApp messages to perpetrate the alleged fraud, records of which she stated were stored on her phone as of September 2018, *see* ECF No. 58-4 ("Ryan Aff."), at ¶ 10;

- Defendant's September 2018 text messages with a cooperating witness "regarding the disbursement of fraudulently-obtained funds," *see* ECF No. 55-1 ("Mulloy Aff."), ¶ 14;

- Defendant's telephone calls with a bank investigator regarding the transfers of funds in October and November 2019 (*and* whether there is any basis to believe that those calls were connected to the alleged fraud or otherwise criminal in nature), *see* ECF No. 58-3 ("Lai Aff."), ¶ 9; and

- Any other evidence that gave the agents "probable cause to believe that the [cell phones] contain[ed] or constitute[d] evidence." *United States v. Babilonia*, 854 F.3d 163, 180 (2d Cir. 2017).

SO ORDERED.

Dated: April 23, 2021
New York, New York

JESSE M. FURMAN
United States District Judge