```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                      :
   UNITED STATES OF AMERICA                           :
                                                      :
              - v. -                                  :    19 Cr. 870 (JMF)
                                                      :
   MUSTAPHA RAJI,                                     :
                                                      :
                         Defendant.                   :
                                                      :
------------------------------------------------------x
```

# THE GOVERNMENT'S MOTIONS *IN LIMINE*

                                             DAMIAN WILLIAMS
                                             United States Attorney
                                             Southern District of New York

Catherine E. Ghosh
Jilan J. Kamal
Robert B. Sobelman
Assistant United States Attorneys
    *Of Counsel*

i

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND ................................................................................................................... 1

ARGUMENT ......................................................................................................................... 2

I.   The Court Should Preclude Evidence and Argument that Victims of the Charged Scheme Are to Blame for Having Acted Negligently or Gullibly. ..................................................... 2

    A.   Applicable Law ........................................................................................... 2

    B.   Discussion .................................................................................................... 4

II.  The Court Should Preclude Evidence and Argument Concerning the Potential Punishment or Consequences of Conviction. ........................................................................................ 5

III. The Court Should Preclude Evidence and Argument Concerning the Defendant's Familial Background, Race, Health, Age, Religion, and Other Personal Factors Unconnected to Guilt. ................................................................................................................................. 5

CONCLUSION ...................................................................................................................... 6

## PRELIMINARY STATEMENT

The Government respectfully submits this memorandum of law in support of its motion for certain rulings in advance of the trial scheduled for September 12, 2022. The Government moves *in limine* to: (i) preclude argument that victims of the charged fraud scheme are to blame for having acted negligently or gullibly; (ii) preclude evidence and argument concerning the potential punishment or consequences that the defendant faces if convicted; and (iii) preclude evidence and argument regarding the defendant's familial background, race, health, age, religion, and other personal factors unconnected to guilt.

## BACKGROUND

On December 20, 2019, Indictment 19 Cr. 870 (JMF) (the "Indictment") was unsealed, alleging that the defendant participated in a business email compromise scheme that defrauded a Manhattan-based hedge fund ("Victim Company-1") of approximately $1.7 million. Specifically, the defendant was charged with one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, from in or about at least July 2018 until in or about at least September 2018; one count of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2, from in or about at least July 2018 until in or about at least September 2018; one count of receipt of stolen funds, in violation of 18 U.S.C. §§ 2315 and 2, from in or about at least July 2018 until in or about at least September 2018; and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), from in or about at least July 2018 until in or about at least September 2018.

Among other things, the defendant was a registered officer of a company that received the stolen funds, directed co-conspirators to the account to which stolen funds were diverted from Victim Company-1, and worked to fabricate documents to cover up the fraudulent transfer of funds from Victim Company-1. The Government provided a detailed overview of certain of the facts

that the Government anticipates it will establish at trial in a memorandum and an affidavit filed in opposition to the defendant's motion to suppress, as well as in a Complaint charging one of the defendant's co-conspirators, each of which is incorporated by reference. (Dkt. Nos. 58 at 1-4, 58-1 at 3-6, 58-2 at 1-2.)

**ARGUMENT**

**I.    The Court Should Preclude Evidence and Argument that Victims of the Charged Scheme Are to Blame for Having Acted Negligently or Gullibly.**

The federal fraud statutes, including wire fraud and wire fraud conspiracy, do not require the Government to prove reliance on a defendant's statements or conduct as an element of the offense. The defendant should therefore be precluded from suggesting during the trial—whether in jury addresses or witness examinations—that the victims of the charged fraud scheme are to blame, either because they failed to conduct sufficient diligence, were negligent, or otherwise acted unreasonably in relying on the misrepresentations made by participants in the scheme.

**A.    Applicable Law**

Under Federal Rule of Evidence 402, "[i]rrelevant evidence is not admissible" at trial, Fed. R. Evid. 402, and under Rule 403, a court may exclude even relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also United States v. Miller*, 626 F.3d 682, 689 (2d Cir. 2010).

The essential elements of wire fraud—the crime charged in Count Two and the object of the conspiracy charged in Count One—are: (1) a scheme to defraud; (2) money or property as the object of the scheme; and (3) use of wires to further the scheme. *United States v. Binday*, 804 F.3d 558, 569 (2d Cir. 2015).

To "prove the existence of a scheme to defraud, the government must also prove that the misrepresentations were material, and that the defendant acted with fraudulent intent." *United States v. Weaver*, 860 F.3d 90, 94 (2d Cir. 2017) (internal citations and quotation marks omitted). A "statement is material if the misinformation or omission would naturally tend to lead or is capable of leading a reasonable [person] to change [his] conduct." *Id.* In other words, materiality is an objective standard, and actual reliance is not an element of criminal fraud. *Neder v. United States*, 527 U.S. 1, 24-25 (1999).

In *United States v. Thomas*, the Second Circuit rejected as a matter of law the proposition that a victim's "vigilance (or lack thereof) was relevant." 377 F.3d 232, 241, 243 (2d Cir. 2004); *see also Weaver*, 860 F.3d at 95 ("[T]he unreasonableness of a fraud victim in relying (or not) on a misrepresentation does not bear on a defendant's criminal intent in designing the fraudulent scheme, whereas the materiality of the false statement does."). Just as "justifiable reliance" is not an element of criminal fraud, neither does the Government need to prove damages, because the fraud statutes criminalize the "scheme" rather than the completed fraud. *Weaver*, 860 F.3d at 95; *see also United States v. Rybicki*, 287 F.3d 257, 262 (2d Cir. 2002) ("[T]he only significance in a fraud case of proof of actual harm befalling the victim as a result of the scheme is that it may serve as circumstantial evidence from which a jury could infer the defendant's intent to cause harm."), *on reh'g en banc*, 354 F.3d 124 (2d Cir. 2003). It is enough to show that the defendant "contemplated some actual harm or injury to [the] victims." *Weaver*, 860 F.3d at 95 (quoting *United States v. Greenberg*, 835 F.3d 295, 306 (2d Cir. 2016) (emphasis in original)). The pertinent statute therefore focuses on the defendant's statements and intent, not on the state of mind of his victims.

3

B.     Discussion

Because such evidence would be irrelevant under Rules 401 and 402, and unduly confusing under Rule 403, the defendant should be precluded from offering evidence or argument that, had the victims of the fraud scheme been more diligent in some respect, they would have learned the truth and avoided harm, or that the defendant is otherwise innocent because the victims of the fraud scheme were unreasonable in their reliance on the misrepresentations made as part of the scheme or could have been more diligent in their dealings with participants in the scheme. *See, e.g.*, *United States v. Amico*, 486 F.3d 764, 780 (2d Cir. 2007) ("The majority of circuits to address the issue have rejected this defense, holding that a victim's lack of sophistication is not relevant to the intent element of . . . wire fraud" (citations omitted)).

As part of the fraud scheme, the defendant's co-conspirators caused false information to be conveyed to the victims. The diligence and sophistication of those targeted during this scheme to defraud are not appropriate considerations at trial. *See, e.g.*, *Thomas*, 377 F.3d at 243 ("We refuse to accept the notion that the legality of a defendant's conduct would depend on his fortuitous choice of a gullible victim." (internal quotation marks omitted)). Indeed, in proving a scheme to defraud, the Government is "not required to show that the intended victim was actually defrauded." *United States v. Wallach*, 935 F.2d 445, 461 (2d Cir. 1991) (internal citations omitted). Nor should the defendant be able to use the scheme's own ruse against his victims by suggesting that, had the victims only been more diligent or taken certain steps, they would have known that they were being provided false information. In short, the defendant should be precluded from blaming the victims—whether through argument or evidence elicited through direct testimony or cross examination—because such evidence is irrelevant and would violate Rule 403. *See, e.g.*, *United States v. Avenatti*, No. 19 Cr. 374 (JMF), Dkt. No. 288 (S.D.N.Y. Jan. 13, 2022) (Tr. 8) (granting

4

government motion to "preclude evidence and argument that victims of defendant's alleged scheme are to blame for having acted negligently or gullibly").

## II. The Court Should Preclude Evidence and Argument Concerning the Potential Punishment or Consequences of Conviction.

The defendant should be precluded from offering evidence or argument concerning the potential punishment or consequences that he faces if convicted. Where the jury has no role at sentencing—such as in this case—it "should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" *Shannon v. United States*, 512 U.S. 573, 579 (1994) (quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975)). This is so for good reason: argument concerning punishment "invites [jurors] to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Id.* There is no proper basis for the defendant to put these issues before the jury in any form, and the defendant should not be permitted to offer evidence or argument inviting the jury to consider them. *See, e.g.*, *Avenatti*, No. 19 Cr. 374 (JMF), Dkt. No. 288 (S.D.N.Y. Jan. 13, 2022) (Tr. 9-10) ("anything that adverts to possible punishments, including possibility of incarceration, however obliquely, is improper and will not be permitted," including, for example, a statement in opening or closing arguments that the defendant's "liberty is at stake," which would be "a not-so-thinly veiled reference to the prospect of incarceration, which is altogether improper").

## III. The Court Should Preclude Evidence and Argument Concerning the Defendant's Familial Background, Race, Health, Age, Religion, and Other Personal Factors Unconnected to Guilt.

The defendant should be precluded from offering evidence and argument concerning his familial background, race, health, age, religion, or other similar personal factors, absent a showing that such factors bear on guilt. *See, e.g., United States v. Paccione,* 949 F.2d 1183, 1201 (2d Cir. 1991) (affirming preclusion of evidence that defendant had son with cerebral palsy whom

defendant had devoted his life to care for); *United States v. Battaglia*, No. S9 05 Cr. 774 (KMW), 2008 WL 144826, at *3 (S.D.N.Y. Jan. 15, 2008) (precluding "evidence of [d]efendant's family and personal status" as not "relevant to the issue of whether [d]efendant committed the crimes charged"). Such evidence is irrelevant to the jury's determination of guilt and should be precluded.

## CONCLUSION

For the foregoing reasons, the Government's motions *in limine* should be granted.

Dated: New York, New York
September 1, 2022

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:     /s/
Catherine E. Ghosh
Jilan J. Kamal
Robert B. Sobelman
Assistant United States Attorneys
(212) 637-1114/2192/2616