UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                                      :
UNITED STATES OF AMERICA                              :
                                                      :
            -v.-                                      :
                                                      :          19 Cr. 870 (JMF)
MUSTAPHA RAJI,                                        :
                                                      :
                        Defendant.                    :
                                                      :
------------------------------------------------------x

## JOINT REQUESTS TO CHARGE

DAMIAN WILLIAMS                          Jeremy Schneider, Esq.
United States Attorney                   Rothman, Schneider, Soloway & Stern, LLP
Southern District of New York            100 Lafayette Street, Suite 501
                                         New York, NY 10013
Catherine Ghosh
Jilan Kamal                              Attorney for Mustapha Raji
Robert Sobelman
Assistant United States Attorneys
    *Of Counsel*

# **TABLE OF CONTENTS**

**REQUEST NO. 1 General Requests** ............................................................................ 1

**REQUEST NO. 2 Summary of the Indictment** ......................................................... 2

**REQUEST NO. 3 Multiple Counts** ............................................................................ 3

**REQUEST NO. 4 Definitions: Knowingly, Intentionally/Willfully, Unlawfully**.................... 4

**REQUEST NO. 5 Conspiracy and Substantive Counts** ........................................... 5

**REQUEST NO. 6 Variance in Dates** ......................................................................... 7

**REQUEST NO. 7 Count One: Wire Fraud Conspiracy – Elements**........................ 8

**REQUEST NO. 8 Count One: Wire Fraud Conspiracy, First Element – Existence of the Conspiracy** ............................................................................................................. 9

**REQUEST NO. 9 Count One: Wire Fraud Conspiracy, First Element – Object of the Conspiracy** ........................................................................................................... 11

**REQUEST NO. 10 Count One: Wire Fraud Conspiracy, Second Element – Membership in the Conspiracy**.................................................................................................... 12

**REQUEST NO. 11 Count Two: Wire Fraud – Elements of the Offense** .............. 16

**REQUEST NO. 12 Count Two: Wire Fraud, First Element – Existence of Scheme or Artifice to Defraud** ............................................................................................................ 17

**REQUEST NO. 13 Count Two: Wire Fraud, Second Element – Participation in a Scheme with Intent to Defraud** ........................................................................................... 20

**REQUEST NO. 14 Count Two: Wire Fraud, Third Element – Use of Interstate or Foreign Wires** ..................................................................................................................... 23

**REQUEST NO. 15 Counts One and Two: Conspiracy to Commit Wire Fraud and Wire Fraud – Negligence of Victim Not a Defense** ...................................................... 25

**REQUEST NO. 16 Count Three: Receipt of Stolen Money**................................. 26

**REQUEST NO. 17 Count Three: Receipt of Stolen Money, First Element -  Money Stolen, Converted, or Unlawfully Taken** ......................................................................... 27

**REQUEST NO. 18 Count Three: Receipt of Stolen Money, Second Element - Money Crossed a State or U.S. Boundary** ..................................................................................... 28

**REQUEST NO. 19 Count Three: Receipt of Stolen Money, Third Element – Defendant Received, Possessed, Concealed, Stored, Bartered, Sold or Disposed of the Money** ........... 29

**REQUEST NO. 20 Count Three: Receipt of Stolen Money, Fourth Element – Knowledge the Money Was Stolen at the Time of Receipt** ...................................................... 31

**REQUEST NO. 21 Count Three: Receipt of Stolen Money, Fifth Element – Value of the Money** .................................................................................................................... 34

**REQUEST NO. 22 Count Four: Conspiracy to Commit Money Laundering - Elements** ... 35

**REQUEST NO. 23 Count Four: Conspiracy to Commit Money Laundering – The First Object of the Conspiracy** ................................................................................ 36

**REQUEST NO. 24 Count Four: Conspiracy to Commit Money Laundering – The Second Object of the Conspiracy** .............................................................................. 40

**REQUEST NO. 25 Counts One and Four: Conspiracy - Conscious Avoidance** .................. 43

**REQUEST NO. 26 Counts Two and Three: Receipt of Stolen Money - Conscious Avoidance** ........................................................................................................ 46

**REQUEST NO. 27 Limited Evidence** ...................................................................... 47

**REQUEST NO. 28 Venue** ...................................................................................... 48

**REQUEST NO. 29 Particular Investigative Techniques Not Required** ......................... 50

**REQUEST NO. 30 Stipulations** ............................................................................. 51

**REQUEST NO. 31 Charts and Summaries** .............................................................. 52

**REQUEST NO. 32 Law Enforcement Witnesses** ..................................................... 53

**REQUEST NO. 33 Preparation of Witnesses** ......................................................... 54

**REQUEST NO. 34 Persons Not on Trial** ................................................................ 55

**REQUEST NO. 35 Uncalled Witnesses — Equally Available** .................................... 56

**REQUEST NO. 36 Testimony of Cooperating Witnesses** ......................................... 57

**REQUEST NO. 37 Statements of a Defendant** ........................................................ 60

**REQUEST NO. 38 False Exculpatory Statements** .................................................... 61

**REQUEST NO. 39 Defendant's Testimony** .............................................................. 62

**REQUEST NO. 40 Defendant's Right Not to Testify** ................................................ 63

**REQUEST NO. 41 Use of Evidence Obtained in Searches** ........................................ 64

**REQUEST NO. 42 Recordings and Transcripts, Generally** ....................................... 65

**REQUEST NO. 43 Transcripts of Recordings in Foreign Languages** .......................... 66

**REQUEST NO. 44 All Available Evidence Need Not Be Introduced** ........................... 67

**REQUEST NO. 45 Improper Considerations** ........................................................... 68

**REQUEST NO. 46 Conclusion** .............................................................................. 69

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                 :

UNITED STATES OF AMERICA       :

                                 :

           -v.-               :

                                 :          19 Cr. 870 (JMF)

MUSTAPHA RAJI,               :

                                 :

                  Defendant.    :

                                 :
------------------------------------------------------x

## <u>JOINT REQUESTS TO CHARGE</u>

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the parties respectfully request that the Court include the following in its charge to the jury. Proposed instructions highlighted in blue are proposed solely by the Government and are objected to by the defendant. Proposed instructions highlighted in yellow are proposed solely by the defendant and are objected to by the Government.

## <u>REQUEST NO. 1</u>

### <u>General Requests</u>

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.  Function of Court and Jury.

b.  Indictment Not Evidence.

c.  Statements of Court and Counsel Not Evidence.

d.  Burden of Proof and Presumption of Innocence.

e.  Reasonable Doubt.

f.  Jury's Recollection Controls.

g.  Inferences.

h.  Government Treated Like Any Other Party.

i.  Definitions, Explanations and Example of Direct and Circumstantial Evidence.

j.  Credibility of Witnesses.

k.  Right to See Exhibits and Have Testimony Read During Deliberations.

l.  Sympathy: Oath of Jurors.

m.  Punishment Is Not To Be Considered by the Jury.

n.  Verdict Must Be Unanimous.

o.  Interest in Outcome.

## **REQUEST NO. 2**

### **Summary of the Indictment**

The defendant, MUSTAPHA RAJI, is formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence.

The Indictment in this case contains four counts.  Each count is a separate offense or crime. Each count must therefore be considered separately by you, and you must return a separate verdict on each count.  Each count in this case relates to conduct that is alleged to have taken place between in or about July 2018 and in or about September 2018.

Count One of the Indictment charges that MUSTAPHA RAJI, the defendant, conspired with others—that is, agreed with others—to commit wire fraud.

Count Two of the Indictment charges that the defendant committed wire fraud.  This is sometimes called a "substantive count."

Count Three of the Indictment charges that the defendant receipt stolen money.

Count Four of the Indictment charges that the defendant conspired with others to commit money laundering.

2

## **REQUEST NO. 3**

### Multiple Counts

As I just indicated, the Indictment contains a total of four counts.  Each count constitutes a separate offense or crime.  You must consider each count of the Indictment separately, and you must return a separate verdict on each count in which the defendant is charged.  Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

Adapted from Sand et al., Modern Federal Jury Instructions, Instr.
3-6; *see United States v. Sanzo*, 673 F.2d 64 (2d Cir. 1982).

3

## REQUEST NO. 4

### Definitions: Knowingly, Intentionally/Willfully, Unlawfully

Before I instruct you on each of the counts specifically, I will define some terms and concepts that will come up repeatedly throughout these instructions.

One set of terms relates to the defendant's state of mind. Specifically, the defendant cannot be convicted of any crime unless, among other things, he acted "unlawfully," "knowingly," and "intentionally" (or, as it is sometimes put, "willfully").

"Unlawfully," obviously, means contrary to law. But in terms of its application to the defendant's state of mind, the Government is not required to show that the defendant knew that he was breaking any particular law. The Government must prove, however, that the defendant was aware of the generally unlawful nature of his acts.

"Knowingly" means to act deliberately and voluntarily, rather than by mistake or accident or mere inadvertence.

"Intentionally" and "Willfully" mean to act deliberately and with a bad purpose, rather than innocently.

Adapted from the charge of the Honorable Jed S. Rakoff in *United States v. Carlos Smith Pitterson*, 19 Cr. 468 (JSR) (S.D.N.Y. 2019).

4

## REQUEST NO. 5

### Conspiracy and Substantive Counts

The defendant is charged in two counts—specifically, Counts One and Four—with conspiring to commit various crimes.  The defendant is charged in other counts—specifically, Counts Two and Three—with substantive crimes.  I will instruct you as to each of those counts separately in just a moment.

A conspiracy count is different from a substantive count.  A conspiracy charge, generally speaking, alleges that two or more persons agreed together to accomplish an unlawful objective. The focus of a conspiracy count, therefore, is on whether there was an unlawful agreement.  There can be no conspiracy unless at least two people reached such an unlawful agreement, whether express or implied.

A substantive count, on the other hand, charges a defendant with the actual commission of an offense.  A substantive offense therefore may be committed by a single person, and it need not involve any agreement with anyone.

A conspiracy to commit a crime is an entirely separate and different offense from a substantive crime, the commission of which may be an object of the conspiracy.  And because the essence of the crime of conspiracy is an agreement or understanding to commit a crime, it does not matter if the crime, the commission of which was an objective of the conspiracy, ever was committed.  In other words, if a conspiracy exists and certain other requirements are met, it is punishable as a crime even if its purpose is not accomplished.  Consequently, a conspiracy charge

5

does not require proof that the crime or crimes that were the objective or objectives of the conspiracy actually were committed.

By contrast, conviction on a substantive count requires proof that the crime charged actually was committed or attempted, but does not require proof of an agreement.  If a defendant both participates in a conspiracy and commits the crime or crimes that were the object or objects of the conspiracy, that defendant may be guilty of both the conspiracy and the substantive crime or crimes.

> Adapted from the charge given by the Hon. Lewis A. Kaplan in
> *United States v. Gatto*, 17 Cr. 686 (LAK).

6

## **REQUEST NO. 6**

## **Variance in Dates**

You will note that the Indictment alleges that certain acts occurred in or around various dates.  It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date.  The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence or the amounts alleged in the Indictment and the amounts established by the evidence.

> Adapted from the charge of the Hon. Loretta A. Preska in *United States v. Tanner*, 17 Cr. 61 (LAP); Sand et al., *Modern Federal Jury Instructions*, Instr. 3-12 and 3-13.

7

## REQUEST NO. 7

### Count One: Wire Fraud Conspiracy – Elements

Count One charges the defendant with conspiring to commit wire fraud.  In order to meet its burden of proof with respect to find the defendant guilty of Count One, you must find that the Government has proven the following two elements beyond a reasonable doubt:

First, that the conspiracy charged existed—that is, an agreement or understanding between two or more persons existed to intentionally and knowingly violate the laws of the United States that make it a crime to commit wire fraud.

Second, that the defendant intentionally and knowingly became a member of this conspiracy—that is, that at some point during the conspiracy, he knowingly joined and participated in the conspiracy to commit wire fraud with knowledge of its illegal objects and an intent to further those objects.

> Adapted from the charge of the Hon. Leonard B. Sand in *United States v. Rios*, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); *see United States v. Kazarian*, No. 10 Cr. 895 (PGG), 2012 WL 1810214, at *24 (S.D.N.Y. May 18, 2012) ("Unlike Section 371, Section 1349 contains no overt act requirement, and courts have rejected the argument that such a requirement should be read into the statute.").

<u>**REQUEST NO. 8**</u>

<u>**Count One: Wire Fraud Conspiracy, First Element – Existence of the Conspiracy**</u>

In order to show that a conspiracy existed, the evidence must show that two or more people, in some way or manner, through any contrivance, explicitly or implicitly (that is, spoken or unspoken), came to a mutual understanding to violate the law and to accomplish an unlawful plan. If you find beyond a reasonable doubt that two or more persons came to an understanding, express or implied, to violate the law and to accomplish an unlawful plan, then the Government will have sustained its burden of proof as to this element.

To satisfy the first element of Count One —namely, to show that the conspiracy existed — the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all of the details.  Common sense tells you that when people, in fact, agree to enter into a criminal conspiracy, much is left to unexpressed understanding.  It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.

When people enter into a conspiracy to accomplish an unlawful end, they become agents and partners of one another in carrying out the conspiracy.  In determining whether there has been an unlawful agreement as alleged, you may consider the acts and conduct of the alleged co-conspirators that were done to carry out the apparent criminal purpose.  In addition, in determining whether such an agreement existed, you may consider direct as well as circumstantial evidence. The old adage, "Actions speak louder than words," applies here.  Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on

the part of the alleged individual co-conspirators. When taken together and considered as a whole, however, these acts and conduct may warrant the inference that a conspiracy existed as conclusively as would direct proof. On this question, you should refer back to my earlier instructions on direct and circumstantial evidence and inferences.

So, you must first determine whether the evidence proves beyond a reasonable doubt the existence of the conspiracy charged in Count One.

It is sufficient to establish the existence of the conspiracy, as I've already said, if you find beyond a reasonable doubt, from proof of all the relevant facts and circumstances, that the minds of at least two alleged co-conspirators met to accomplish, by the means alleged, the object of the conspiracy.

The object of a conspiracy is the illegal purpose the co-conspirators agree or hope to achieve. The object of the conspiracy charged in Count One is wire fraud.

> Adapted from the charges of the Hon. Shira A. Scheindlin in *United States v. Vasilevsky*, 08 Cr. 903 (SAS) (S.D.N.Y. 2009); the Hon. Richard J. Sullivan in *United States v. Peirce*, 06 Cr. 1032 (RJS) (S.D.N.Y. 2008); the Hon. Denise Cote in *United States v. Enrique*, 04 Cr. 431 (S.D.N.Y. 2004)l and Sand, *Modern Federal Jury Instructions*, Instr. 19-4; *see also United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice. The coconspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes."); *United States v. Montour*, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the government need not present evidence of a formal arrangement between the co-conspirators. Rather, it is sufficient if the government can demonstrate that the defendant acted together with others to realize a common goal.").

10

**REQUEST NO. 9**

**Count One: Wire Fraud Conspiracy, First Element – Object of the Conspiracy**

The object of a conspiracy is the illegal purpose the co-conspirators agree or hope to achieve.  The conspiracy charged in Count One had the alleged object of committing wire fraud.

The three elements of the crime of wire fraud are as follows:

First, that in or about the times alleged in the Indictment, there was a scheme or artifice to defraud or to obtain money or property by materially false or fraudulent pretenses, representations, or promises;

Second, that the defendant willfully participated in this scheme or artifice with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in the execution of that scheme the defendant himself used, or caused others to use, interstate or foreign wire communications.

I will give you more detailed instructions regarding each of these elements when I explain Count Two, which pertains to the substantive crime of wire fraud, in just a moment.

> Adapted from the Jury Charge of Hon. J. Paul Oetken in *United States v. Middendorf*, 18 Cr. 36 (JPO) (S.D.N.Y. 2019); *see* 2 *Modern Federal Jury Instructions-Criminal*, Instrs. 44-3, 44-4, 44-5, 44-7.

11

## REQUEST NO. 10

**Count One: Wire Fraud Conspiracy, Second Element – Membership in the Conspiracy**

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One existed, then you must next determine the second question, which is whether the defendant knowingly and willfully became a member of that conspiracy, that is, whether the defendant participated in the conspiracy with knowledge of its unlawful purpose or purposes and in furtherance of its unlawful objective or objectives.

The Government must prove beyond a reasonable doubt that the defendant knowingly and willfully entered into the conspiracy with a criminal intent, that is, with a purpose to violate the law, and that he agreed to take part in the conspiracy with knowledge of its unlawful purpose or purposes and with the specific intention of further its objective or objectives.

As I explained earlier, "willfully" means to act knowingly and purposely, with an intent to do something that the law forbids; that is to say, with bad purpose either to disobey or to disregard the law, although the defendant need not know the specific law he is violating. "Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently, that is, the act of the defendant must have been the product of his conscious objective rather than the product of a mistake or accident, or mere negligence or some other innocent reason.

It is not necessary for the Government to show that the defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on his part.

To have guilty knowledge, a defendant need not have known the full extent of the conspiracy, or all of the activities of all its participants. It is not even necessary that a defendant

12

knew every other member of the conspiracy. Nor is it necessary that a defendant received any monetary benefit from his participation in the conspiracy, or had a financial stake in the outcome, so long as he in fact joined in the illegal conspiracy in the manner I have explained.

The duration and extent of a defendant's participation has no bearing on the issue of the defendant's guilt. He need not have joined the conspiracy at the outset. He may have joined it for any purpose at any time in its progress. He is responsible for everything that was reasonably foreseeable and that was done while it was in existence and while he was a member. Indeed, each member of the conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles, while others play minor roles. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the scope of the conspiracy. I want to caution you that some facts do not by themselves establish a defendant's participation in a conspiracy.

Similarly, a person may know, assemble with, associate with or be friendly with, one or more members of a conspiracy, without being a conspirator himself. Mere similarity of conduct or the fact that the defendant may have discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy or the defendant's membership in the conspiracy. I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient.

Moreover, the fact that the acts of the defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member of the conspiracy. More is required under the law. What is necessary is that the defendant must have

13

participated with knowledge of at least some of the illegal purposes or objects of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.  In determining the factual issues before you, you may, but are not required to, take into account any acts or statements made by the defendant's co-conspirators, which were made during, in the course of and in furtherance of the conspiracy, even though such acts or statements were not made in the presence of the defendant or were made without his knowledge.  Acts or statements made in furtherance of the common purpose of the conspiracy are deemed, under the law, to be the acts or statements of all of the members, and all of the members are responsible for such acts or statements

Once a conspiracy is formed, it is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by the members.  So too, once a person is found to be a member of a conspiracy, he is presumed to continue as a member in the conspiracy until the conspiracy is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated himself from the conspiracy.

In sum, you must find beyond a reasonable doubt that the defendant, with an understanding of the unlawful character of the conspiracy, intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering the illegal undertaking.  He thereby becomes a knowing and willing participant in the unlawful agreement — that is to say, a conspirator.

> Adapted from the charges of the Hon. Shira A. Scheindlin in *United States v. Vasilevsky*, 08 Cr. 903 (SAS) (S.D.N.Y. 2009) and the Hon. Richard J. Sullivan in *United States v. Peirce*, 06 Cr. 1032 (RJS) (S.D.N.Y. 2008), and Sand, *Modern Federal Jury Instructions*,

Instrs. 19-6, 3A-1, 3A-3; *see also United States v. Aleskerova*, 300 F.3d 286, 292-93 (2d Cir. 2002) (describing manner in which government may show participation in conspiracy with required state of mind); *United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence. A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member.") (citations omitted); *United States v. Miranda-Ortiz*, 926 F.2d 172, 175-76 (2d Cir. 1991) (generally discussing proof required to show membership in conspiracy).

15

## REQUEST NO. 11

### Count Two: Wire Fraud – Elements of the Offense

Count Two of the Indictment charges substantive wire fraud.  In order to meet its burden of proof prove the defendant guilty of wire fraud, the Government must separately establish beyond a reasonable doubt the following three essential elements, which I described just a moment ago:

First, that in or about the times alleged in the Indictment, there was a scheme or artifice to defraud or to obtain money or property by materially false or fraudulent pretenses, representations, or promises;

Second, that the defendant knowingly and willfully participated in this scheme or artifice with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in the execution of that scheme the defendant himself used, or caused others to use, interstate or foreign wire communications..

> Adapted from the Jury Charge of Hon. J. Paul Oetken in *United States v. Middendorf*, 18 Cr. 36 (JPO) (S.D.N.Y. 2019); *see* 2 *Modern Federal Jury Instructions-Criminal*, Instrs. 44-3, 44-4, 44-5, 44-7.

16

**REQUEST NO. 12**

**Count Two: Wire Fraud, First Element – Existence of Scheme or Artifice to Defraud**

The first element the Government must prove beyond a reasonable doubt is the existence of a scheme or artifice to defraud or to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

A "scheme or artifice" is merely a plan for the accomplishment of an object. A "scheme to defraud" is any plan, device or course of action to obtain money or property by means of false or fraudulent pretenses, representations or promises.

Now, "fraud" is a general term that includes all the various means by which human ingenuity can devise and that are resorted to by an individual to gain some unfair advantage over another person by false representations, false suggestions or suppression of the truth, or deliberate disregard for the truth. Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception or swindle.

The scheme to defraud charged here is alleged to have been carried out by making false pretenses, representations, promises and statements. A pretense, representation, promise or statement is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A pretense, representation, promise or statement is fraudulent if it was falsely made with the intention to deceive. Deceitful statements or intentional representations of half-truths or the intentional concealment of material facts may also constitute false or fraudulent statements or representations under the wire fraud statute.

17

The deception need not be premised upon spoken or written words alone.  The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance.  If there is deception, the manner in which it is accomplished is of no consequence.

The false or fraudulent pretense, representation, promise or statement must relate to a material fact or matter.  A material fact is one that reasonably would be expected to be of concern to a reasonable and prudent person in relying upon the pretense, representation, promise or statement in making a decision.  This means if you find a particular statement of fact or representation to have been false, you must also determine whether that statement or representation was one that a reasonable person would have considered important in making his or her decision. The same principle applies to fraudulent half-truths or omissions of material facts necessary to make the statements that were made not materially misleading.  The Government does not need to prove that anyone actually relied on the false statement or representation.  Rather, it is sufficient if the misrepresentation is one that is capable of influencing a reasonable person's decision and is intended to do so.

In addition to proving that a pretense, representation, promise or statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the Government must prove that the alleged scheme contemplated wrongly depriving another of money or property. The government is not, however, required to prove that the defendant personally originated the scheme to defraud.  The Government is not required, however, to prove that the scheme or artifice to defraud actually succeeded—that is, the Government is not required to prove that the defendant realized any gain from the scheme, or that the intended victim suffered any loss or harm.  The

18

question for you to decide is whether the Government has proven that the defendant knowingly devised, or participated in, a scheme to defraud.  Whether or not the scheme actually succeeded is not a question you may consider in determining whether such a scheme existed.

A scheme or artifice to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case.

> Adapted from Sand, *Modern Federal Jury Instructions,* Instr. 44-4. Jury Charges of Hon. J. Paul Oetken, *United States v. Middendorf*, 18 Cr. 36 (S.D.N.Y. 2019); Hon. Lewis A. Kaplan, *United States v. Blaszczak*, 17 Cr. 357 (S.D.N.Y. 2018) *See also United States v. Weaver*, 860 F.3d 90, 94 (2d Cir. 2017) (describing the essential elements of wire fraud).

### REQUEST NO. 13

### Count Two: Wire Fraud, Second Element –

### Participation in a Scheme with Intent to Defraud

The second element of the wire fraud count that the Government must establish beyond a reasonable doubt is that the defendant devised or participated in the fraudulent scheme knowingly, willfully, with the specific intent to defraud.

As I have already instructed you, to act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

To "devise" a scheme to defraud is to concoct or plan it.  To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed. While a mere onlooker is not a participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud.

In order for the Government to sustain its burden of proof beyond a reasonable doubt, they must prove that the defendant Before the defendant may be convicted of the wire fraud charges, he must also be shown to have acted knowingly and willfully and also with a specific intent to defraud.  I have previously defined the term "knowingly" and "willfully," and you should follow those instructions here as well.

"Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another. Thus, the defendant acted with intent to defraud in the context of wire fraud if  he engaged or participated in the fraudulent scheme with awareness of its fraudulent or deceptive character, with an intention to be involved in the scheme

20

to defraud and to help it succeed, and with a purpose of obtaining money or property from the victim.   That is, the government must prove beyond a reasonable doubt that the defendant contemplated some actual harm or injury to a victim with respect to the victim's money or property. Of course, the Government does not need to prove that the intended victim was actually harmed; only that the defendant intended to harm the victim by obtaining money or property.

The question of whether a person acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other fact question.  This question involves one's state of mind.  As I have previously mentioned, direct proof of knowledge and fraudulent intent is often not available.  It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent.  Such direct proof is not required.  The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.  Circumstantial evidence, if believed, is of no less value than direct evidence.  In either case, the essential elements of the crime must be established beyond a reasonable doubt.

Since an essential element of wire fraud is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of wire fraud.  A defendant, however,

21

has no burden to establish a defense of good faith. The burden is on the Government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

There is another consideration to bear in mind in deciding whether or not defendant acted in good faith.  You are instructed that if the defendant participated in the scheme to defraud, then a belief by the defendant, if such belief existed, that ultimately everything would work out so that no one would lose any money does not mean that the defendant acted in good faith.

To conclude on this element, if you find that the defendant was not a knowing participant in the scheme or that he lacked the specific intent to defraud, you should find the defendant not guilty.  On the other hand, if you find that the Government has established beyond a reasonable doubt the first element, namely the existence of the scheme to defraud, and this second element, that the defendant was a knowing participant and acted with specific intent to defraud, then you must consider the third element, as I am about to instruct you.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-5. *United States v. Males*, 459 F.3d 154, 159 (2d Cir. 2006) (holding that jury instruction for wire fraud charge that "the requirement of contemplated harm or injury does not require that [defendant] intended to permanently de[p]rive the victim's money or property" "was an accurate statement of the applicable law"); the jury instructions of the Honorable Valerie E. Caproni in *United States v. Kaloyeros*, 16 Cr. 776 (VEC); the jury instructions of the Honorable Denise L. Cote in *United States v. Balkany*, 10 Cr. 441 (DLC); the jury instructions of the Honorable Barbara S. Jones in *United States v. Jackson*, 97 Cr. 121 (BSJ).

## REQUEST NO. 14

## Count Two: Wire Fraud, Third Element – Use of Interstate or Foreign Wires

The third and final element of Count Two that the Government must establish beyond a reasonable doubt is that interstate wire facilities were used in furtherance of the scheme to defraud.

The "interstate" or "foreign" requirement means that the wire communication must pass between two or more states as, for example, a telephone call, a wire transfer of funds between banks in different states, between the United States and a foreign country, or an email that was transmitted over interstate or foreign wires.

It is not necessary for the defendant to be directly or personally involved in any wire communication, as long as the communication is reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.  In this regard, it would be sufficient to establish this element of the crime if the Government has proven that the defendant caused the wires to be used by others; and this does not mean that the defendant himself must have specifically authorized or directed others to execute a wire communication.  When a person acts with knowledge that the use of wire facilities will follow in the ordinary course of business, or where the use of wire facilities can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.  Furthermore, the requirement that an interstate or foreign wire facility was used, is satisfied even if a wire facility was used by a person with no knowledge of the fraudulent scheme, including a victim of the alleged fraud, so long as the wire was in furtherance of the alleged scheme.

23

The use of a wire facility need not itself be fraudulent.  Stated another way, the material sent by wire need not contain any fraudulent representation, or even any request for money.  It is sufficient if a wire facility was used to further or assist in carrying out the scheme to defraud.

Only the use of a wire facility must be reasonably foreseeable, not its interstate or foreign component.  Thus, if you find that the use of a wire facility was reasonably foreseeable, and an interstate or foreign wire facility was actually used, then this element is satisfied even if it was not foreseeable that the wire communication would cross state or national boundaries.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-7.

### REQUEST NO. 15

### Counts One and Two: Conspiracy to Commit Wire Fraud and Wire Fraud –

### Negligence of Victim Not a Defense

With regard to both Counts One and Two, which charge conspiracy to commit wire fraud and wire fraud, it is unimportant whether a victim might have discovered the fraud had he or she probed further.  If you find that a scheme or artifice to defraud existed, it is irrelevant whether you believe that a victim was careless, gullible, or even negligent.  Negligence, carelessness, or gullibility on the part of the victims is no defense to a charge of such fraud.

Adapted from the charge of the Honorable Kimba M. Wood
in *United States v. Shvartsman*, 04 Cr. 1368 (KMW) (2006).

## REQUEST NO. 16

### Count Three: Receipt of Stolen Money

Count Three of the Indictment charges receipt of stolen money.  In order to sustain its burden of proof prove the defendant guilty of receipt of stolen money, the Government must separately establish beyond a reasonable doubt the following five essential elements:

First, that money was stolen, converted, or taken;

Second, that after the money was stolen, converted, or taken, it crossed a boundary of a state or of the United States;

Third, that the defendant received, possessed, concealed, stored, bartered, sold, or disposed of the stolen money;

Fourth, that the defendant knew the money had been stolen, converted, or unlawfully taken; and

Fifth, that the value of the money was at least $5,000.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 54-47.

26

**REQUEST NO. 17**

**Count Three: Receipt of Stolen Money, First Element -**

**Money Stolen, Converted, or Unlawfully Taken**

With respect to Count Three, the first element the Government must prove beyond a reasonable doubt is that the property described in the Indictment—money—was stolen, converted, or unlawfully taken.

The term "stolen" refers to the taking of money with the intent to deprive the owner of the use or benefits of ownership.

The phrase "converted" means to take money for one's own use by any dishonest or illegal means.  For example, if a person has received money in exchange for specific services, and he does not perform those services and instead retains the money for his own use, he has converted the money.

For the purposes of this case, it is not necessary that you know, or are able to determine, who stole, converted, or unlawfully took, the money.  While you must decide, beyond a reasonable doubt, that the particular property was stolen, you do not have to determine who stole it, or that the defendant knew who stole it.  The Government need not prove that the defendant personally stole the property from the owner.  However, you must determine that the owner of this property was deprived of the rights and benefits of ownership, without the owner's consent.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 54-48

27

## REQUEST NO. 18

### Count Three: Receipt of Stolen Money, Second Element -

### Money Crossed a State or U.S. Boundary

The second element the Government must prove beyond a reasonable doubt is that after the money had been stolen, converted, or taken, it crossed a boundary of a state or of the United States.

The defendant need not have intended or known of the money's interstate movement. Nor is it necessary that the defendant actually, physically have moved the money across state lines. The Government satisfies its burden of proving interstate movement in interstate commerce if it proves beyond a reasonable doubt that the defendant received the money after it had moved across a state line or the United States border.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 54-49.

28

**REQUEST NO. 19**

**Count Three: Receipt of Stolen Money, Third Element – Defendant Received, Possessed,**

**Concealed, Stored, Bartered, Sold or Disposed of the Money**

The third element the Government must prove beyond a reasonable doubt is that the defendant received, possessed, concealed, stored, bartered, sold, or disposed of the <mark>stolen</mark> money.

In considering whether the defendant received, concealed, stored, bartered, sold, or disposed of the money, you should give those words their common and ordinary meaning, and understand them as they are used in their everyday sense. For example, a defendant may have "received" property simply by physically taking possession of the property, or exerting control over it. The defendant need not have benefited in any way from having received, concealed, stored, bartered, sold, or disposed of the money in order for this element to be satisfied.

Whether a defendant received, possessed, stored, bartered, sold, or disposed of the money is a question for you to determine from the surrounding facts and circumstances. It is not necessary that the Government prove that the defendant performed all of those actions with respect to the money. The Government satisfies its burden of proving unlawful receipt of money if it proves beyond a reasonable doubt that the defendant engaged in any of these actions with respect to the money.

However, I emphasize that you may not find the defendant guilty unless you agree, unanimously, that one particular action, or type of action, was taken. That is, you must all agree that the defendant received (or possessed or concealed or stored or bartered or sold or disposed of) the money. It is not enough that some of you find only that the defendant concealed or stored the

29

money, and the rest of you find only that the defendant sold the money. You must all believe that

the defendant performed at least one specific action, or type of action, with respect to the money

in order to find the defendant guilty.

       Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 54-50,
       54-51, and 54-52.

**REQUEST NO. 20**

**Count Three: Receipt of Stolen Money, Fourth Element –**

**Knowledge the Money Was Stolen at the Time of Receipt**

The fourth element that the Government must prove beyond a reasonable doubt is that the defendant knew at the time of receipt that the money was stolen.

In deciding whether the defendant knew the money was stolen at the time of receipt, you must focus upon his actual knowledge at that time. Even if you find that a prudent person would have known that the money was stolen at the time of receipt, if you find that the defendant did not know, then you cannot find the defendant guilty.

I have instructed you that the Government must establish beyond a reasonable doubt that the defendant knew, at the time of receipt, that the money was stolen. Your decision whether the defendant acted knowingly at the time the stolen money was received involves a decision about the defendant's state of mind at the time the defendant received the money. It is obviously impossible to ascertain or directly prove the operation of the defendant's mind. You cannot look into a person's mind to see what his state of mind is or was. But a wise and intelligent consideration of all the facts and circumstances shown by the evidence or lack of evidence will enable you to infer with a reasonable degree of accuracy the extent of the defendant's knowledge.

In our everyday affairs, we are continuously called upon to decide from the actions of others what their state of mind is. Experience has taught us that, frequently, actions speak louder, more clearly, than words. Therefore, you may well rely in part on circumstantial evidence in determining the extent of the defendant's knowledge. Look at the defendant's actions in their

31

particular contexts. You must examine the acts, conduct, and surrounding circumstances of a given situation to help you determine the extent of the defendant's knowledge.

As I've said, your decision whether the defendant knew that the money was stolen at the time he sold or received it must be based, at least in part, on circumstantial evidence. You may rely on your own experiences and examine the situation and the actions of the people involved to help you determine the defendant's state of mind. If you have decided that the money was stolen, and that it traveled in interstate commerce, then an important piece of circumstantial evidence for you to consider in deciding whether the defendant knew the money was stolen is the fact that the defendant was in possession of the recently stolen money.

You have heard testimony and reviewed evidence that the defendant was in possession of recently stolen money. I instruct you that you may—but need not—find from the defendant's possession of the money that he knew it was stolen at the time he received it.

When I refer to the money as "recently" stolen, you should give the word "recently" its ordinary, everyday meaning. The longer the period since the theft, the weaker the connection between the defendant's unexplained possession of the money and the defendant's knowledge that the money was stolen. The fact that the money was recently stolen is a factor for you to consider in examining the circumstances surrounding the defendant's possession of the money, and deciding what conclusions, if any, you wish to draw from that possession.

[If defendant testifies:  You may consider any explanation the defendant has offered to explain his possession of the money.  Possession may be satisfactorily explained through other circumstances or evidence independent of any testimony by the defendant.  It is for you to

32

determine the reasonableness of the defendant's explanation.  However, keep in mind that the defendant is not required to offer any explanation at all.]

Let me emphasize again that you are not required to make the connection between the defendant's unexplained possession of recently stolen money and his knowledge that the money was stolen. The mere fact that I am telling you about this connection does not mean that I am encouraging you to make it. You have the right to reject this connection if you deem it appropriate to do so, even if you find that the defendant was in possession of the money in question and that no satisfactory explanation of his possession has been presented.  Remember that at all times, the Government has the burden of proving beyond a reasonable doubt that the defendant knew that the money was stolen.

Adapted from Sand, *Modern Federal Jury Instructions*, Instrs. 54-53, 54-54.

## REQUEST NO. 21

### Count Three: Receipt of Stolen Money, Fifth Element – Value of the Money

The fifth element that the Government must prove beyond a reasonable doubt with respect to Count Five is that the money at issue had a value of $5,000 or more.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 54-55.

34

**REQUEST NO. 22**

**Count Four: Conspiracy to Commit Money Laundering - Elements**

Count Four of the Indictment charges the defendant with conspiracy to commit money laundering.  In order to satisfy its burden of proof, the Government must establish the following two essential elements beyond a reasonable doubt:

First, that the conspiracy charged existed—that is, an agreement or understanding between two or more persons existed to intentionally and knowingly violate the laws of the United States that make it a crime to commit money laundering; and

Second, that the defendant knowingly and willfully became a member of the conspiracy charged.

I instructed you as to the meaning of the terms (except money laundering) contained in these two elements with regard to Count One, and those same instructions apply here.

> Adapted from the charge of Hon. Shira A. Scheindlin in *United States v. Bourke*, No. 05 Cr. 518 (SAS) (S.D.N.Y. Jul. 8, 2009), affirmed by *United States v. Kozeny*, 667 F.3d 122 (2d Cir. 2011).

35

**REQUEST NO. 23**

**Count Four: Conspiracy to Commit Money Laundering – The First Object of the
Conspiracy**

Unlike the conspiracy charged in Count One, the conspiracy charged in Count Four has
two objects.  The two objects are two different types of money laundering, which I will describe
to you in turn.

The first object of the conspiracy charged in Count Four is a violation of the law that makes
it illegal to participate in a financial transaction that involves the proceeds of a specified unlawful
activity (here, the wire fraud scheme charged in Counts One and Two), knowing that the
transaction was designed to conceal or disguise the nature, location, source, ownership or control
of the proceeds of specified unlawful activity. This type of money laundering is known as
"concealment" money laundering.  There are three elements to concealment money laundering:

First, that the defendant conducted or attempted to conduct a "financial transaction"
involving property constituting the proceeds of specified unlawful activity, specifically, the wire
fraud scheme charged in Counts One and Two.

Second, that the defendant knew that the property involved in the financial transaction was
the proceeds of some form of unlawful activity.

Third, that the defendant knew that the transaction was designed in whole or in part either
to conceal or disguise the nature, location, source, ownership or control of the proceeds of specified
unlawful activity.

36

With regard to the first element of concealment money laundering, the following definitions apply:

The term "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

A "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition of property.

The term "financial transaction" means a transaction involving a financial institution that is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, or a transaction that in any way or degree affects interstate or foreign commerce and involves the movement of funds by wire or other means, or involves one or more monetary instruments.

A "transaction involving a financial institution" includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase of sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through, or to a financial institution by whatever means.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.

The term "monetary instrument" includes, among other things, coin or currency of the United States or any other country, personal checks, traveler's checks, cashier's checks, bank checks, money orders, and investment securities or negotiable instruments in bearer form or otherwise in such form that title thereto passes upon delivery.

37

The term "specified unlawful activity" means any one of a variety of offenses defined by the statute. In this case, the Government has alleged that the funds in question were the proceeds of the wire fraud scheme alleged in Counts One and Two of the Indictment. I instruct you that, as a matter of law, wire fraud falls within the definition of "specified unlawful activity."  However, it is for you to determine whether the funds here were in fact the proceeds of the unlawful activity, the wire fraud scheme, charged in Counts One and Two.

As I mentioned a moment ago, the second element of concealment money laundering is that the defendant knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity. The defendant must have known that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony under state, federal, or foreign law. Thus, to satisfy this element, the Government does not have to prove that the defendant specifically knew that the property involved in the transaction represented the proceeds of wire fraud, a conspiracy to commit wire fraud, or any other specific offense. The Government only has to prove that the defendant knew it represented the proceeds of some illegal activity that was a felony. I instruct you as a matter of law that wire fraud and wire fraud conspiracy are felonies under federal law.

The third element of concealment money laundering is that the defendant acted with knowledge that the transaction was designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity, namely wire fraud. Thus, if the defendant knew of the purpose of the particular transaction at issue, and he knew that the transaction was either designed to conceal or disguise the true origin of the property in question,

this element is satisfied. However, if the defendant knew of the transaction, but did not know that

it was either designed to conceal or disguise the true origin of the property in question, this element

has not been satisfied.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instrs.
> 50A-26. Adapted from Sand, *Modern Federal Jury Instructions*,
> Instr. 50A- 7; 18 U.S.C.   1956(a)(1)(B); *United States* v. *Henry*,
> 325 F.3d  93, 103 (2d Cir. 2003).

**REQUEST NO. 24**

**Count Four: Conspiracy to Commit Money Laundering – The Second Object of the Conspiracy**

As I explained a moment ago, the conspiracy charged in Count Four has <u>two</u> objects.  As I've just described to you, the first object was concealment money laundering.  The second object is a violation of the law that makes it illegal to engage in a monetary transaction in criminally derived property of a value of greater than $10,000.  This second object of the conspiracy charged in Count Four is known as "monetary transactions in criminally derived property."  It has five elements:

First, that the defendant engaged in a monetary transaction in or affecting interstate or foreign commerce.

Second, that the defendant did so knowing that the transaction involved criminally derived property.

Third, that the criminally derived property was of a value greater than $10,000.

Fourth, that the criminally derived property was, in fact, derived from a specified unlawful activity, here from the wire fraud scheme charged in Counts One and Two.

Fifth, that the monetary transaction took place either 1) in the United States or 2) outside of the United States, and the defendant is a "United States person."

The term "monetary transaction" means the deposit, withdrawal, transfer or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument by, through, or to a financial institution.

40

I have also already defined and described the concepts of transactions "in or affecting interstate or foreign commerce." The same definitions and instructions apply to this second object of Count Four. This effect on interstate commerce can be established in several ways. First, any monetary transaction with a financial institution insured by the Federal Deposit Insurance Corporation (or "FDIC") affects interstate commerce, so if you find that a bank involved in a relevant monetary transaction was insured by the FDIC that is enough to establish that the transaction affected interstate commerce. Second, if you find that the source of the funds used in the transaction affected interstate or foreign commerce, that is sufficient as well. Third, if you find that the transaction itself involved an interstate or foreign transfer of funds, that would also be sufficient.

The term "criminally derived property" means any property constituting or derived from proceeds obtained from any criminal offense.

I instruct you that in a prosecution for an offense under this section, the government is not required to prove that the defendant knew the particular offense from which the criminally derived property was derived. However, the government must prove beyond a reasonable doubt that the defendant knew that the transaction involved criminally derived property, which, I remind you, means any property constituting, or derived from, proceeds obtained from a criminal offense.

The third and fourth elements of the crime constituting the second object of the conspiracy charged in Count Four are, respectively, that the criminally derived property must be of a value greater than $10,000, and that the criminally derived property must also, in fact, have been derived from a specified unlawful activity, here, from the fraud scheme charged in Counts One and Two.

41

The term "specified unlawful activity" was defined previously, and that definition applies equally to this second object of the conspiracy charged in Count Four.

The government is not required to prove that all of the property involved in the transaction was criminally derived property. However, the government must prove that more than $10,000 of the property involved was criminally derived property.

The fifth element of the crime constituting the second object of the conspiracy charged in Count Four is that the monetary transaction took place either 1) in the United States or 2) outside of the United States and the defendant is a "United States person."  The State of Florida is, of course, in the United States.  A "United States person" includes both nationals of the United States and any person located within the territory of the United States.

It is important to note with Count Four that the Government does not need to prove that the defendant agreed to accomplish both of these two objects in order for you to convict the defendant of the conspiracy to commit money laundering.  Nor must you find that either of these two objects was actually accomplished.  An agreement to accomplish either one of the two objects (or both) is sufficient.  Your verdict must be unanimous as to which of the two objects the defendant agreed to commit.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 50A-27, -28, -29, -30; 18 U.S.C. §§ 1956 & 1957; 31 U.S.C. § 5312(a)(2) (defining relevant "financial institutions"); 18 U.S.C. § 3077(2)(A) & (B).

42

**REQUEST NO. 25**

**Counts One and Four: Conspiracy - Conscious Avoidance**

As I explained, the Government is required to prove that the defendant acted knowingly.  In determining whether the defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious.

For example, with respect to Count One, if you find that the defendant was aware of a high probability that the object of the conspiracy was to commit wire fraud, but that the defendant acted with deliberate disregard of that fact, you may find that the defendant acted knowingly.  The law calls this "conscious avoidance."  However, if you find that the defendant actually believed that he and his co-conspirators were acting in a lawful manner, he may not be convicted of the charge in Count One.

A person cannot look at all sorts of things that make it obvious to any reasonable person what is going on and then claim in court that because he deliberately avoided learning explicitly what was obvious anyway, he did not actually know the incriminating fact.

I want to be very clear about what this means and does not mean.

First, there is a difference between knowingly participating in the conspiracy and knowing the objects of the conspiracy.  "Conscious avoidance," as I have described it, cannot be used as a basis for finding that the defendant knowingly joined the conspiracy.  It is logically impossible for a defendant to join the conspiracy unless he or she knows the fact that the conspiracy exists.  However, if you find beyond a reasonable doubt that the defendant chose to participate in a joint undertaking, you may consider whether the defendant deliberately avoided confirming an

43

otherwise obvious fact, such as, that the purpose of the partnership he joined was to commit wire fraud.

If you find beyond a reasonable doubt that the defendant was aware that there was a high probability that his alleged co-conspirator's or co-conspirators' objective was to commit wire fraud, but that he deliberately avoided confirming this fact, you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge of the object of the charged conspiracy, unless you find that the defendant actually believed that he and his co-conspirator or co-conspirators were acting in a lawful manner.

Again, the last point is important. The necessary knowledge on the part of the defendant regarding the object of the conspiracy cannot be established by showing the defendant was merely careless or negligent or stupid or foolish, or that he or she should have known what was going on. If the defendant actually believed that the conspiracy was about something else entirely, or if he or she was merely foolish, careless or even reckless about the risk that he or she was wrong, then you cannot find him guilty. Conscious avoidance can only be established where the defendant deliberately decided not to confirm a key fact, when it was obvious or highly probable that the fact was true. One may not willfully and intentionally remain ignorant of important facts in order to escape the consequences of the criminal laws.

If you find that the defendant you are considering was aware of a high probability that the object of the conspiracy was to violate federal law, and that the defendant acted with deliberate disregard of these facts, you may find that the defendant acted knowingly. However, if you find

44

that the defendant actually believed that the object of the conspiracy was lawful, he may not be convicted.

Adapted from the charge given by the Honorable John F. Keenan in *United States v. Rohan Cameron*, 03 Cr. 1457 (JFK) (2004), and from Sand, *Modern Federal Jury Instructions*, Instr. 3A-2. "A conscious-avoidance charge is appropriate when (a) the element of knowledge is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact." *United States v. Hopkins*, 53 F.3d 533, 542 (2d Cir. 1995) (citations and internal quotation marks omitted). The Second Circuit has cautioned that "the prosecutor should request that the 'high probability' and 'actual belief' language be incorporated into every conscious avoidance charge." *United States v. Feroz*, 848 F.2d 359, 360 (2d Cir. 1988) (*per curiam*) ("[K]nowledge of the existence of a particular fact is established (1) if a person is aware of a high probability of its existence, (2) unless he actually believes that it does not exist.").

## REQUEST NO. 26

### Counts Two and Three: Wire Fraud and Receipt of Stolen Money – Conscious Avoidance

As I have explained to you, in determining whether the defendant acted knowingly, you may consider whether he deliberately closed his eyes to what otherwise would have been obvious. Thus, if you find beyond a reasonable doubt that the defendant was aware that there was a high probability that the money he received was stolen with respect to Count Three, but he deliberately and consciously avoided confirming these facts, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the defendant actually believed that he and his associates were acting in a lawful manner.  However, let me emphasize again that the necessary knowledge cannot be established by a showing that the defendant was careless, negligent, or even foolish.

46

## REQUEST NO. 27

### Limited Evidence

**[*If Applicable*]**

Some of the evidence in this case was introduced for a limited purpose. Let me emphasize that any evidence admitted solely for a limited purpose may be considered only for that purpose and may not in any respect enter into your deliberations for any other purpose.

Adapted from S3 *Modern Federal Jury Instructions-Criminal* § 2.12.

**REQUEST NO. 28**

**Venue**

In addition to proving the essential elements of each crime beyond a reasonable doubt, the Government must also establish what is called "venue"—that is, that some act pertaining to the charge occurred in the Southern District of New York.  The Southern District of New York includes all of Manhattan and the Bronx, as well as Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties.  The Government does not have to prove that the complete crime was committed within the Southern District of New York or that the defendant was ever in the Southern District of New York.

Venue must be examined separately for each count in the Indictment.  Venue on one count does not establish venue on another count, although, if applicable, you may rely on the same evidence to establish venue on multiple counts.

With respect to the conspiracy offenses charged in Counts One and Four, it is sufficient to establish venue if the Government proves that any act in furtherance of the conspiracy charged occurred in the Southern District of New York.  The act itself need not be a criminal act; it could include, for example, a meeting with others involved in the criminal scheme within this District. The act need not be taken by the defendant or a conspirator, as long as the act was caused by the conduct of the defendant or a coconspirator or was reasonably foreseeable.

With respect to the substantive offenses charged in Counts Two and Four it is sufficient to establish venue if the Government proves any act in furtherance of the crime occurred within this District.

48

Unlike the elements of the offenses that I have just discussed at length, each of which must be proved beyond a reasonable doubt, the Government is required to prove venue only by a preponderance of the evidence. A preponderance of the evidence means the greater weight of the evidence. To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. If you find that the Government failed to prove venue by a preponderance of the evidence as to any count, you must return a verdict of not guilty as to that count.

> Adapted from the charge of the Hon. Valerie E. Caproni in *United States v. Kaloyeros*, 16 Cr. 776 (VEC); the charge of the Hon. Loretta A. Preska in *United States v. Tanner*, 17 Cr. 61 (LAP).

## REQUEST NO. 29

## Particular Investigative Techniques Not Required

### [If Applicable]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government.  There is no legal requirement, however, that the Government prove its case through any particular means.  While you are to consider carefully the evidence adduced by the Government, and the lack of evidence you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The Government is not on trial.  Law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the Government has met its burden of proof as to each element of each charge guilt of the defendant has been proved beyond a reasonable doubt.

> Adapted from the charge of the Honorable Richard J. Sullivan in *United States v. Ramirez*, 13 Cr. 135 (RJS) (S.D.N.Y. 2013), the charge of the Honorable Pierre N. Leval in *United States v. Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and the charge of the Honorable John F. Keenan in *United States v. Medina*, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

50

## **REQUEST NO. 30**

### **Stipulations**

You have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  It is for you, however, to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true.  It is for you, however, to determine the effect to be given to any stipulated fact.

> Adapted from the charge of the Honorable Stephen C. Robinson in *United States v. Leight*, 04 Cr. 1372 (SCR) (S.D.N.Y. 2006); *see also* Sand et al., Modern Federal Jury Instructions, Instr. 5-6.

51

## REQUEST NO. 31

### Charts and Summaries

During the course of trial there were charts and summaries shown to you to aid you in considering the evidence.  They are not direct, independent evidence; they are summaries of the evidence.  They are admitted into evidence only as aids to you.

In understanding the evidence you have heard, it is occasionally easier and more convenient to utilize summary charts than to place all of the relevant documents in front of you. It is for you to decide whether the charts and summaries correctly present information contained in the testimony and in the exhibits on which they are based.  To the extent that the charts conform to what you determine the underlying evidence to be, you may consider them if you find that they are of assistance to you in analyzing and understanding the evidence.

> Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 5-12, and the charge of the Honorable Katherine B. Forrest in *United States v. Benito Del Rosario*, 12 Cr. 81 (KBF) (S.D.N.Y. 2012).

## REQUEST NO. 32

### Law Enforcement Witnesses

You have heard testimony of law enforcement officials.  The fact that a witness may be employed by the Government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.  In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

Adapted from Sand et al., Modern Federal Jury Instructions, Instr.
7-16; and from the charge of the Honorable Richard J. Sullivan in
*United States v. Ramirez*, 13 Cr. 135 (RJS) (S.D.N.Y. 2013).

53

## REQUEST NO. 33

### Preparation of Witnesses

### [If Applicable]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

The weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adapted from the charge of the Honorable Michael B. Mukasey in *United States v. Abdul Latif Abdul Salam*, 98 Cr. 208 (MBM) (S.D.N.Y. 1999), and from the charge of the Honorable Richard J. Sullivan in *United States v. Ramirez*, 13 Cr. 135 (RJS) (S.D.N.Y. 2013).

**REQUEST NO. 34**

**Persons Not on Trial**

Some of the people who may have been involved in the events leading to this trial are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together, in the same proceeding.

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that certain persons other than the defendant were not named as defendants in the Indictment. Nor may you speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

Whether a person should be named as a co-conspirator or indicted as a defendant in this case or another separate case is a matter within the sole discretion of the United States Attorney and the Grand Jury. Therefore, you may not consider it in any way in reaching your verdict as to the defendant.

> Adapted from the charge of the Honorable Peter K. Leisure in *United States v. Parra and Ortega*, S1 02 Cr. 348 (PKL) (S.D.N.Y. 2004), and from Sand et al., Modern Federal Jury Instructions, Instr. 3-4.

55

## REQUEST NO. 35

## Uncalled Witnesses — Equally Available

## [If Applicable]

There are persons who names you heard during the trial but who did not appear to testify.

I instruct you that each party had an equal opportunity or lack of opportunity to call any of these

witnesses.  Therefore, you should not draw any inference or reach any conclusions as to what they

would have testified to had they been called.  Their absence should not affect your judgment in

any way.  You should, however, remember my instruction that the law does not impose on a

defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The burden remains with the Government to prove the guilt of the defendant beyond a reasonable

doubt.

> Adapted from the charge of the Honorable William H. Pauley III in
> *United States v. Felton*, 17 Cr. 21 (WHP) (S.D.N.Y. 2019) and the
> Honorable J. Paul Oetken in *United States v. Matthews*, 18 Cr. 124
> (JPO) (S.D.N.Y. 2018).

**REQUEST NO. 36**

**Testimony of Cooperating Witnesses**

**[If Applicable]**

You have heard from witnesses who testified that they were actually involved in committing certain crimes.

Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit to participating in committing crimes. The Government frequently argues, as it may do, that it must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution, because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

You may properly consider the testimony of such a cooperating witness. If cooperating witnesses could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable. It is the law in federal courts that the testimony of a single cooperating witness may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

However, because of the possible interest a cooperating witness may have in testifying, a cooperating witness's testimony should be scrutinized with special care and caution because such witnesses may believe that it is in their best interest to give testimony favorable to the Government. The fact that a witness is a cooperating witness can be considered by you as bearing upon his or her credibility. It does not follow, however, that simply because a person has admitted participating in one or more crimes, that he or she is incapable of giving a truthful version of what happened.

57

Like the testimony of any other witness, cooperating witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of his or her recollection, his or her background, and the extent to which the testimony is or is not corroborated by other evidence in the case.

You heard testimony about an agreement between the Government and the witness.  I caution you that it is no concern of yours why the Government made an agreement with a witness.  Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of a cooperating witness, you should ask yourselves whether this cooperating witness would benefit more by lying, or by telling the truth.  Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely?  Or did he believe that his interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth?  Did this motivation color his testimony?

You should look at all of the evidence in deciding what credence and what weight, if any, you want to give to the witness's testimony.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.  Even if you find that a witness testified falsely in one part, you still may

accept his or her testimony in other parts, or you may disregard all of it.  That is a determination

entirely for you.

> Adapted from the charges of the Honorable Richard M. Berman in
> *United States* v. *Atilla*, 15 Cr. 867 (RMB) (S.D.N.Y. 2017); and the
> Honorable Gerard E. Lynch in *United States* v. *Michael Jones*, 02
> Cr. 674 (GEL) (S.D.N.Y. 2002), and Sand, *Modern Federal Jury
> Instructions*, Instr. 7-5.

## REQUEST NO. 37

### Statements of a Defendant

### [If Applicable]

There has been evidence that the defendant made statements to law enforcement authorities.

Evidence of these statements was properly admitted in this case and may be properly considered by you. You are to give the evidence of such statements such weight as you feel it deserves in light of all the evidence.

Whether you approve or disapprove of the use of these statements may not enter your deliberations. I instruct you that no one's rights were violated and that the Government's use of this evidence is entirely lawful.

> Adapted from the charge of the Honorable Richard J. Sullivan in *United States v. Ramirez*, 13 Cr. 135 (RJS) (S.D.N.Y. 2013), and the charge of the Honorable Michael B. Mukasey in *United States v. Abdul Latif Abdul Salam*, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

**REQUEST NO. 38**

**False Exculpatory Statements**

**[If Applicable]**

You have heard testimony that the defendant made statements in which he claimed that his conduct was consistent with innocence and not with guilt.  The Government claims that these statements in which the defendant exculpated himself are false.  If you find that the defendant gave a false statement in order to divert suspicion from himself, you may, but are not required to, infer that the defendant believed that he was guilty.  You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes for which he is charged.

Whether or not the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 6-11.

61

**REQUEST NO. 39**

**Defendant's Testimony**

**[Requested If Defendant Testifies]**

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent.  In this case, the defendant did testify and he was subject to cross-examination like any other witness.  You should examine and evaluate the testimony just as you would the testimony of any witness.  However let me remind you that because the defendant is presumed innocent and does not have any burden of proof, the fact that he chose to testify does not shift the burden from the Government onto the defendant.

## REQUEST NO. 40

## Defendant's Right Not to Testify

## [If Requested by the Defendant]

The defendant did not testify in this case.  You may not speculate as to why he chose not to testify.  Under our Constitution, a defendant has no obligation to testify or present any evidence, because it is the Government's burden to prove the defendant's guilt beyond a reasonable doubt. That burden remains with the Government throughout the trial and never shifts to a defendant. A defendant is never required to prove that he is innocent.  You may not attach any significance to the fact that the defendant did not testify. You may not draw any inference against the defendant because he did not take the witness stand.  You may not speculate as to why he did not testify, and you may not consider this against him in any way in your deliberations.

Adapted from the charge of the Honorable J. Paul Oetken in *United States v. Matthews*, 18 Cr. 124 (JPO) (S.D.N.Y. 2018).

**REQUEST NO. 41**

**Use of Evidence Obtained in Searches**

**[If Applicable]**

You have heard testimony about certain evidence that was seized in searches of certain places.  Evidence obtained from those searches was properly admitted in this case, and may be considered by you.  Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in this case in determining whether the Government has proven the guilt of the defendant beyond a reasonable doubt.

Adapted from the charges of the Honorable Pierre N. Leval in *United States v. Ogando*, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), and in *United States v. Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

**REQUEST NO. 42**

**Recordings and Transcripts, Generally**

**[If Applicable]**

The Government has introduced evidence in the form of audio and video recordings.

Whether you approve or disapprove of the recording of these conversations may not enter into your deliberations. I instruct you that these recordings were made in a lawful manner, and that no one's rights were violated, and that the Government's use of this evidence is lawful, and it was properly admitted into evidence at this trial.  You must, therefore, regardless of any personal opinions, give this evidence consideration along with all the other evidence in the case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

If you wish to hear any of the recordings again, or see any of the transcripts of those recordings, they will be made available to you during your deliberations.

> Adapted from the charges of the Honorable William H. Pauley III in *United States v. Felton*, 17 Cr. 21 (WHP) (S.D.N.Y. 2019), the Honorable J. Paul Oetken in *United States v. Matthews*, 18 Cr. 124 (JPO) (S.D.N.Y. 2018), and the Honorable Richard J. Sullivan in *United States v. Awuley*, 13 Cr. 875 (RJS) (S.D.N.Y. 2014).

## REQUEST NO. 43

### Transcripts of Recordings in Foreign Languages

**[If Applicable]**

During the trial, you were given transcripts of recordings which were admitted into evidence. The transcripts were translations of foreign language tape recordings in Hausa.

Although some of you may know Hausa, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation contained in the transcript and disregard any different meaning.

## REQUEST NO. 44

### All Available Evidence Need Not Be Introduced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matter in issue at this trial.  Nor does the law require any party to produce as exhibits all relevant papers and things available to either party during the course of the trial.

> Adapted from the charges of the Honorable Roslynn R. Mauskopf in *United States* v. *Henry*, 12 Cr. 81 (RRM) (E.D.N.Y. 2014); *see* E. Devitt & C. Blackmar, *Federal Jury Practice and Instructions*, § 72.11 (3d ed. 1977).

67

## REQUEST NO. 45

### Improper Considerations

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.  It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national-origin, gender, sexual orientation, or age.  Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national, origin, gender, sexual orientation, or age of any other witness or anyone else involved in this case.  The defendant is entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

> Adapted from the charge of the Honorable Richard M. Berman in *United States* v. *Kamara*, S1 01 Cr. 979 (RMB) (S.D.N.Y. 2003), and the charge of the Honorable Denny Chin in *United States* v. *Olajide*, 01 Cr. 365 (DC) (S.D.N.Y. 2001).

## REQUEST NO. 46

### Conclusion

Your function now is to weigh the evidence in this case and to determine whether the Government has met its burden of proof proven the guilt of the defendant beyond a reasonable doubt with respect to the charges of the Indictment.

You must base your verdict solely on the evidence, or lack of evidence, and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.  Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence or lack of evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest belief as to the weight or effect of evidence solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case determine, based upon the evidence, whether or not the Government has met its burden of proof beyond a reasonable doubt.

69

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

* * *

In submitting these requests to charge, the parties reserve the right to submit additional or modified requests at or near the close of evidence.


Dated:  New York, New York
        September  1, 2022

                                        Respectfully submitted,

                                        DAMIAN WILLIAMS
                                        United States Attorney

                                By:     _____/s/_____

                                        Catherine E. Ghosh
                                        Jilan J. Kamal
                                        Robert B. Sobelman
                                        Assistant United States Attorneys
                                        (212) 637-1114 / 2192 / 2616


                                        MUSTAPHA RAJI
                                        Defendant


                                By:  _____/s/_____

                                        Jeremy Schneider, Esq.
                                        Attorney for Defendant