

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 1, 2022

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Mustapha Raji*, 19 Cr. 870 (JMF)

Dear Judge Furman:

    The Government respectfully submits this letter in opposition to defendant Mustapha Raji's request to indefinitely adjourn the trial currently scheduled to begin on September 12, 2022 (Dkt. No. 93). As explained below, the defendant's request should be denied because his submission is woefully inadequate to support the extraordinary relief that the defendant seeks: an indefinite adjournment "to allow time for Mr. Raji to receive medical treatment and assess at a later date whether his health has improved enough to be able to participate in a trial."

    *First*, the letter from Dr. Rishi Sharma attached in support of the defendant's request principally consists of conclusory statements that are vague, unclear, and unsupported by any details or medical records. For example, Dr. Sharma states, among other things, that the defendant's "prognosis is poor," without describing the prognosis or its basis, and further states that it is "difficult" for the defendant to do tasks such as "sitting for long periods, managing and [*sic*] stressful situations," without describing why the defendant cannot sit for long periods or manage a stressful situation, or even what he means by "long periods." Notably, while Dr. Sharma states that he reviewed certain medical records and lab reports, none of those records were provided to the Court (or to the Government), and Dr. Sharma does not state whether he has ever personally examined the defendant, nor how long the defendant has been a patient of his practice.

    *Second*, the defendant's submission fails to establish that he is unable to be tried as scheduled. For example, the defendant fails to address whether intermittent breaks to permit the defendant to stand and stretch his legs would satisfactorily mitigate his alleged difficulty "sitting for long periods." The letter contains no description of which "serious cardiac, cardiovascular" conditions, if any, the defendant has been diagnosed with, much less an explanation of why those alleged conditions render him unable to stand trial as scheduled. Similarly, the defendant fails to connect his kidney condition to any particular impediment to standing trial that cannot be sufficiently accommodated. There also is no explanation of how, when, or why the defendant's condition is expected to improve, such that a trial at a later time might be more feasible. Indeed, the defendant has not provided any information about what treatment the defendant has undergone,

Honorable Jesse M. Furman
United States District Judge
September 1, 2022
Page 2

what treatment is ongoing, or what treatment might be prescribed in the future.[1]

*Third*, the Government and the victims of the defendant's crimes would be significantly prejudiced by an adjournment of the trial at this juncture. Trial is scheduled to begin in a mere 11 days, and the Government has expended substantial time and resources preparing the testimony of the victims and other witnesses it anticipates calling at trial, several of whom will be traveling from outside of the New York area in order to testify. Adjourning the trial at this late stage would result in a waste of time and resources and inconvenience to victims and other witnesses, while also risking the further fading of memories of events that took place more than four years ago.

*Fourth*, the defendant's motion is untimely. The defendant raised the possibility of an adjournment as a result of his medical conditions with the Court six weeks ago, on July 26, 2022. The Court invited the defendant to submit supporting information within approximately two weeks. More than two weeks later, on August 12, 2022, defense counsel wrote by email to the courtroom deputy: "I am writing on behalf of the defendant, Mustapha Raji, to inform the Court that we do not have any additional information to add to the oral application for an adjournment of trial that was made during the July 26 telephone conference." Indeed, the defendant failed to submit any documents or records supporting his request for an adjournment in the intervening six weeks between the July 26 conference and the filing of his motion, knowing full well that the Government was actively engaged in preparation for trial. The defendant then filed his motion to adjourn only after receiving the Government's witness list, exhibit list, and Jencks Act materials pursuant to a jointly submitted scheduling order. (*See* Dkt. No. 87.) In those recent disclosures, the Government revealed the identity of a cooperating witness who participated in the charged conspiracy with the defendant, as well as the substance of his testimony, which is powerful, direct evidence of the defendant's participation in the scheme. The defendant offers no reason, nor is any apparent, for the late timing of his filing or the inadequacy of the information he has supplied, and he makes no claim that his purported medical conditions arose recently or were not previously known to him.

---

[1] The defendant has not suggested that he is not competent to stand trial. *See* 18 U.S.C. § 4241.

Honorable Jesse M. Furman
United States District Judge
September 1, 2022
Page 3

      In sum, while a trial is undoubtedly stressful for any defendant, an indefinite adjournment of trial in a case that has been pending for three years to allow the defendant to "reschedule[] all stressful situations" would frustrate the interests of justice. *See United States v. Gambino*, 59 F.3d 353, 360 (2d Cir. 1995) ("the public is the loser when a criminal trial is not prosecuted expeditiously").

                                                 Respectfully submitted,

                                                 DAMIAN WILLIAMS
                                               United States Attorney

                                By:      /s/
                                         Catherine E. Ghosh
                                         Jilan J. Kamal
                                         Robert B. Sobelman
                                         Assistant United States Attorneys
                                         (212) 637-1114/2192/2616

cc:     Jeremy Schneider, Esq. (by ECF)