# EXHIBIT 1

M5p2ShaC kjc

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,              New York, N.Y.

          v.                           19 Cr. 833 (SHS)

JENNIFER SHAH,

               Defendant.

------------------------------x        Conference

                                       May 25, 2022
                                       2:20 p.m.


Before:

                    HON. SIDNEY H. STEIN,

                                       District Judge



                         APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  KIERSTEN A. FLETCHER
     SEBASTIAN SWETT
     Assistant United States Attorneys


CHAUDHRY LAW, PLLC
     Attorneys for Defendant
BY:  PRIYA CHAUDHRY
     SETH ZUCKERMAN
```

1   was not reported.

2   MS. FLETCHER:  From the charged telemarketing scheme.
3   So the primary entities that paid the defendant were Mastery
4   Pro Group and Red Steel.  And the funds paid to the defendant
5   in a number of different ways, not through a W-2, were well in
6   excess of the funds that Ms. Chaudhry or the amounts that
7   Ms. Chaudhry just indicated were on the defendant's tax
8   returns.

9   THE COURT:  All right.  So now, if I understand it, we
10  have narrowed it down a little.  The government, as I
11  understand it now, is saying that there are some entities,
12  specifically Mastery Pro Group and Red Steel, from which she
13  derived income and that income was not reported to the IRS.

14  MS. FLETCHER:  That's right, your Honor.

15  THE COURT:  Ms. Chaudhry, it seems to me that they
16  ought to be able to show that as consciousness of guilt if she
17  is -- we have changed it a little as we have been talking.
18  It's not that everything she made from telemarketing was
19  hidden, but it is specifically what she made from the alleged
20  fraud, specifically Mastery Pro Group and Red Steel, and I
21  don't know if there are others were the vehicles for the fraud,
22  and it's that income that she did not report.  What is wrong
23  with that?  It seems to me to be appropriate and relevant and
24  not unduly prejudicial under 403.

25  MS. CHAUDHRY:  Thank you, your Honor.  I'm glad that

the government has corrected that record because their motion does say that no telemarketing income was ever reported on her taxes.

I just want to clarify one thing.  The entities I listed are her personal LLCs through which she was paid.  As the Court is familiar, professionals routinely set up LLCs to receive payments, so these are not companies that she was working for.  They are her own single vehicle LLCs.

THE COURT:  All right.

MS. CHAUDHRY:  Separately, to answer your point, your Honor, the government's allegation is now, as I understand it, that if they were to amend their motion *in limine*, they only intend to show that their funds from MPG and Red Steel that did not make it on to Ms. Shah's --

THE COURT:  I don't know.  Government?

MS. CHAUDHRY:  -- taxes.  Is that correct?

THE COURT:  But, first of all, you know, these -- all these questions you could have addressed to the government before this.  This process is not for further discovery.  We can kind of get the specifics behind these motions, but that seems to me a question you could have called the government up and asked about.  Because specifically the question now is, government, whether it is only the ones from Mastery Pro Group and Red Steel that you claim she did not tell the IRS about.

MS. FLETCHER:  No, your Honor, I was just giving the

1  two examples that --
2          THE COURT: That's what I thought. Your mic doesn't
3  seem to be on or at least turn it down towards you.
4          I am going to allow evidence that she did not disclose
5  income to the IRS. I am not going to limit the government to
6  Mastery Pro Group. But if they can show that income from the
7  alleged fraudulent conspiracy was not reported to the IRS, I'm
8  going to permit it.
9          Let's go to the next one, which I think is really the
10 same, essentially the same type of argument. The defendant is
11 asking me to preclude evidence from the government that the
12 government says it has that she did not file appropriate
13 foreign banking records with the appropriate domestic
14 authorities in light of the fact that, again, according to the
15 government, the defendant routed funds from the fraud to Kosovo
16 and I take it did not have -- according to the government did
17 not file the appropriate forms that said she sent funds to
18 Kosovo. Is that correct, government?
19         MS. FLETCHER: That's right, your Honor. It is that
20 she didn't file the forms and also she didn't maintain the
21 required records, the FBAR records. We served the defendant
22 with the subpoena shortly after she was charged in the case and
23 her response was that she didn't have the records.
24         THE COURT: The subpoena attached to your motion?
25         MS. FLETCHER: Yes.