UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA,                                         :
                                                                  :
                                        Plaintiff,                :        19-CR-870 (JMF)
                                                                  :
               -v-                                                :        ORDER
                                                                  :
MUSTAPHA RAJI,                                                    :
                                                                  :
                                        Defendant.                :
                                                                  :
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Attached to this Order is the draft jury charge that was considered at the charge
conference held on the record on September 15, 2022.

SO ORDERED.

Dated: September 16, 2022
       New York, New York                          _____
                                                         JESSE M. FURMAN
                                                      United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                              :

UNITED STATES OF AMERICA,                 :

                                              :

    -v-                                      :

                                              :         19-CR-870 (JMF)

MUSTAPHA RAJI,                       :

                                              :

                             Defendant.       :

                                              :

------------------------------------------------------------------------X

# JURY CHARGE

September 15, 2022

# TABLE OF CONTENTS

I. GENERAL INTRODUCTORY CHARGES ............................................................... 1

    Role of the Court and the Jury ..................................................................... 2

    The Parties ................................................................................................... 2

    Persons Not on Trial .................................................................................... 2

    Conduct of Counsel ..................................................................................... 3

    Presumption of Innocence and Burden of Proof ......................................... 3

    Proof Beyond a Reasonable Doubt .............................................................. 4

    Direct and Circumstantial Evidence ........................................................... 4

    What Is and What Is Not Evidence .............................................................. 6

    Limited Purpose Evidence ........................................................................... 7

    Credibility of Witnesses .............................................................................. 8

    Cooperating Witness Testimony ................................................................. 9

    Law Enforcement and Government Witnesses ........................................... 11

    Expert Witnesses ......................................................................................... 12

    Preparation of Witnesses ............................................................................. 12

    Uncalled Witnesses ..................................................................................... 13

    Number of Witnesses and Uncontradicted Testimony ............................... 13

    Stipulations .................................................................................................. 14

    Charts and Summaries ................................................................................. 14

    Searches and Seizures .................................................................................. 15

    Particular Investigative Techniques ............................................................ 15

    All Available Evidence Need Not Be Introduced ....................................... 16

    The Defendant's Testimony ........................................................................ 16

II. SUBSTANTIVE INSTRUCTIONS ................................................................... 17

    The Indictment ............................................................................................ 17

    Definitions: Unlawfully, Knowingly, Intentionally, and Willfully ............ 18

    Conspiracy and Substantive Counts ........................................................... 19

    Count Two: Wire Fraud — Elements ......................................................... 20

        Count Two — First Element: Existence of a Scheme or Artifice .......... 21

Count Two — Second Element: Knowledge and Intent to Defraud......................................23

Count Two — Third Element: Use of Interstate or Foreign Wires .....................................25

Count One: Wire Fraud Conspiracy — Elements ................................................................ 27

Count One — First Element: Existence of the Conspiracy ..................................................27

Count One — Second Element: Membership in the Conspiracy.........................................29

Counts One and Two: Negligence of the Victim Is Not a Defense.......................................... 31

Count Three: Receipt of Stolen Money — Elements ............................................................... 32

Count Three — First Element: Money Stolen, Converted, or Unlawfully Taken ................32

Count Three — Second Element: Money Crossed a State or U.S. Boundary ......................33

Count Three — Third Element: Defendant Received, Possessed, Concealed, Stored,

Bartered, Sold, or Disposed of the Money ..........................................................................34

Count Three — Fourth Element: Knowledge that the Money Was Stolen at the Time ........35

Count Three — Fifth Element: Value of the Money ...........................................................36

Count Four: Money Laundering Conspiracy — Elements....................................................... 36

Count Four — Object One: Concealment Money Laundering .............................................38

Count Four — Object Two: Monetary Transactions in Criminally Derived Property .........40

Counts One and Four: Objects of the Charged Conspiracies — Conscious Avoidance .......... 42

Counts Two and Three: Wire Fraud and Receipt of Stolen Money — Conscious Avoidance . 44

Venue  ....................................................................................................................................... 45

Variance in Dates..................................................................................................................... 46


III. CONCLUDING INSTRUCTIONS ........................................................................................ 46

Selection of the Foreperson ..................................................................................................... 46

Right to See Exhibits and Hear Testimony ............................................................................. 47

Juror Note-Taking ................................................................................................................... 47

Bias, Prejudice, and Sympathy ............................................................................................... 48

Duty to Deliberate ................................................................................................................... 49

Return of the Verdict ............................................................................................................... 50

Closing Comments ................................................................................................................... 51

I. GENERAL INTRODUCTORY CHARGES

Members of the jury, you have now heard all of the evidence in the case and the lawyers' closing arguments.  It is my duty at this point to instruct you as to the law.  My instructions to you will be in three parts.

First, I will give you general instructions — for example, about your role as the jury, what you can and cannot consider in your deliberations, and the burden of proof.

Second, I will describe the law that you must apply to the facts as you find them to be established by the evidence.

Finally, I will give you some instructions for your deliberations.

I am going to read my instructions to you.  It is not my favorite way to communicate — and not the most scintillating thing to listen to — but there is a need for precision, and it is important that I get the words just right, and so that is why I will be reading.

I have given you a copy of my instructions to follow along because they cover many points.  Please limit yourself to following along; that is, do *not* read ahead in the instructions.  If you find it easier to listen and understand while you are following along with me, please do so.  If you would prefer, you can just listen and not follow along.  In the unlikely event that I deviate from the written instructions, it is my oral instructions that govern and that you must follow.  But you may take your copy of the instructions with you into the jury room so you can consult it if you want to re-read any portion of the charge to facilitate your deliberations.

For now, listen carefully and try to concentrate on the substance of what I'm saying.  You should not single out any instruction as alone stating the law.  Instead, you should consider my instructions as a whole when you retire to deliberate in the jury room.

Role of the Court and the Jury

You, the members of the jury, are the sole and exclusive judges of the facts.  You must weigh and consider the evidence without regard to sympathy, prejudice, or passion for or against any party.  It is your duty to accept my instructions as to the law and to apply them to the facts as you determine them.  If either party has stated a legal principle differently from any that I state to you in my instructions, it is my instructions that you must follow.


The Parties

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States.  The fact that the Government is a party and the prosecution is brought in the name of the United States does not entitle the Government or its witnesses to any greater consideration than that accorded to any other party.  By the same token, you must give it no less deference.  The Government and the defendant stand on equal footing before you.


Persons Not on Trial

Some of the people who may have been involved in the events leading to this trial are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together, in the same proceeding.  You may not draw any inference, favorable or unfavorable, toward the Government or the defendant from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other people are not on trial before you now.  Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

Conduct of Counsel

The personalities and the conduct of counsel are not in any way at issue.  If you formed opinions of any kind about any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior, those opinions should not enter into your deliberations.

In addition, remember that it is the duty of a lawyer to object when the other side offers testimony or other evidence that the lawyer believes is not properly admissible.  Therefore, you should draw no inference from the fact that there was an objection to any testimony or evidence.  Nor should you draw any inference related to the weight or importance of any testimony or evidence from the fact that I sustained or overruled an objection.  Simply because I have permitted certain testimony or evidence to be introduced does not mean that I have decided on its importance or significance.  That is for you to decide.

Presumption of Innocence and Burden of Proof

The defendant has pleaded not guilty to the charges against him.  As a result of that plea of not guilty, the burden is on the Government to prove guilt beyond a reasonable doubt.  This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of testifying, or calling any witness, or locating or producing any evidence.

Furthermore, the law presumes the defendant to be innocent of the charges against him.  The presumption of innocence was in his favor when the trial began, continued in his favor throughout the entire trial, remains with him even as I speak to you now, and persists in his favor during the course of your deliberations in the jury room, unless and until the Government proves beyond a reasonable doubt that he committed one of the charged crimes.

1    Proof Beyond a Reasonable Doubt

2         The question that naturally arises is, "What is a reasonable doubt?"  A reasonable doubt is a

3    doubt based on your reason, your judgment, your experience, and your common sense.  It is a doubt that

4    a reasonable person has after carefully weighing all the evidence.  It is a doubt founded in reason and

5    arising out of the evidence in the case — or the lack of evidence.  A reasonable doubt is not caprice or

6    whim.  It is not speculation or suspicion.

7         Proof beyond a *reasonable* doubt does not mean proof beyond all *possible* doubt.  It is

8    practically impossible for a person to be absolutely and completely convinced of any disputed fact that,

9    by its very nature, cannot be proved with mathematical certainty.  The Government's burden is to

10   establish guilt beyond a *reasonable* doubt, not all *possible* doubt.

11        If, after a fair and impartial consideration of all the evidence, you can candidly and honestly say

12   that you are not satisfied with the guilt of the defendant, that you do not have an abiding belief of the

13   defendant's guilt — in other words, if you have such a doubt as would reasonably cause a prudent

14   person to hesitate in acting in matters of importance in his or her own affairs — then you have a

15   reasonable doubt, and in that circumstance it is your duty to acquit.

16        On the other hand, if, after a fair and impartial consideration of all the evidence, you can

17   candidly and honestly say that you do have an abiding belief of the defendant's guilt, such a belief as a

18   prudent person would be willing to act upon in important matters in the personal affairs of his or her

19   own life, then you have no reasonable doubt, and in that circumstance it is your duty to convict.

20

21   Direct and Circumstantial Evidence

22        There are two types of evidence that you may properly use in deciding whether the defendant is

23   guilty or not guilty of the crimes with which he is charged.

1        One type of evidence is called direct evidence.  Direct evidence of a fact in issue is presented

2    when a witness testifies to that fact based on what he or she personally saw, heard, or otherwise

3    observed through the five senses.  The second type of evidence is circumstantial evidence.

4    Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.

5        There is a simple example of circumstantial evidence that is often used in this courthouse.

6    Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day

7    outside.  Also assume that the courtroom shades were drawn and you could not look outside.  Assume

8    further that as you were sitting here, someone walked in with an umbrella that was dripping wet, and

9    then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

10        Now, because you could not look outside the courtroom and you could not see whether it was

11    raining, you would have no direct evidence of that fact.  But, on the combination of facts that I have

12    asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

13        That is all there is to circumstantial evidence.  You infer on the basis of your reason, experience,

14    and common sense from one established fact the existence or the nonexistence of some other fact.

15        The matter of drawing inferences from facts in evidence is not a matter of guesswork or

16    speculation.  An inference is a logical, factual conclusion that you might reasonably draw from other

17    facts that have been proved.  It is for you, and you alone, to decide what inferences you will draw.

18        Many material facts, such as a person's state of mind, are not easily proved by direct evidence.

19    Usually such facts are established by circumstantial evidence and the reasonable inferences you draw.

20    Circumstantial evidence may be given as much weight as direct evidence.  The law makes no distinction

21    between direct and circumstantial evidence.  The law simply requires that before convicting a defendant,

22    you must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all of the evidence in

23    the case.

1

2      <u>What Is and What Is Not Evidence</u>

3            What, then, is the evidence in the case?

4            The evidence in this case is (1) the sworn testimony of the witnesses, (2) the exhibits received

5      into evidence, and (3) any stipulations made by the parties.  Anything else is not evidence.

6            For example, the questions posed to a witness are not evidence: It is the witnesses' answers that

7      are evidence, not the questions.  In addition, exhibits marked for identification but not admitted by me

8      are not evidence.  Nor are materials brought forth only to refresh a witness's recollection.  Moreover,

9      testimony that has been stricken or excluded by me is not evidence and may not be considered by you in

10     rendering your verdict.

11           Along these lines, we may have, among the exhibits received in evidence, some documents that

12     are redacted.  "Redacted" means that part of the document was taken or blacked out.  You are to concern

13     yourself only with the part of the document that has been admitted into evidence.  You should not

14     consider any possible reason why the other part of it has been deleted or blacked out.

15           Arguments by the advocates are also not evidence.  What you heard during the opening

16     statements and summations is merely intended to help you understand the evidence and reach your

17     verdict.  If your recollection of the facts differs from the lawyers' statements, you should rely on your

18     recollection.  If a lawyer made a statement during his opening or summation and you find that there is no

19     evidence to support the statement, you should disregard the statement.

20           Finally, any statements that I may have made during the trial or during these instructions do not

21     constitute evidence.  At times, I may have admonished a witness or directed a witness to be responsive

22     to questions or to keep his or her voice up.  At times, I may have asked a question myself.  Any

23     questions that I asked, or instructions that I gave, were intended only to clarify the presentation of

1    evidence and to bring out something that I thought might be unclear.  You should draw no inference or

2    conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by

3    reason of any comment, question, or instruction of mine.  The rulings I have made during the trial and

4    these instructions are no indication of my views of what your decision should be.  Nor should you infer

5    that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how

6    you should decide any issue that is before you.  That is entirely your role.

7

8    <u>Limited Purpose Evidence</u>

9         If certain testimony or evidence was received for a limited purpose, you must follow the limiting

10   instructions that gave you.

11        In particular, the Government has offered evidence that, on different occasions, the defendant

12   allegedly engaged in criminal conduct that is not charged in this case.  Let me remind you that the

13   defendant is not on trial for committing acts that are not charged in the indictment.  Accordingly, you

14   may not consider evidence of other acts as a substitute for proof that the defendant committed the crimes

15   charged in the Indictment.  Nor may you consider such evidence as proof that the defendant has a

16   propensity to commit crimes or has a bad moral character and therefore committed the charged crimes.

17        The evidence of other acts was admitted for much more limited purposes.  It was admitted to

18   help you decide the defendant's knowledge, intent, absence of mistake, or lack of accident with respect

19   to the charged crimes.  In addition, to the extent that the Government offered evidence of the

20   defendant's alleged conduct in 2019, after the charged crimes were allegedly committed, you may

21   consider such evidence in evaluating the credibility of the testimony of Afolabi Adeusi, the cooperating

22   witness.  Evidence of uncharged acts may be considered by you only for these purposes.

1         Such evidence may not be considered by you for any other purpose.  Specifically, you may not

2   use any of this evidence to conclude that because the defendant may have committed other acts he must

3   also have committed the acts charged in the indictment.

4   **Adapted from Defendant's Proposed Limiting Instruction; *United States v. Abreu*, 21 Cr. 300**

5   **(JMF) (S.D.N.Y. 2022); Sand, *Modern Federal Jury Instructions-Criminal*, Instr. 5-25.**

6

7   Credibility of Witnesses

8         How do you evaluate the credibility or believability of the witnesses?  The answer is that you use

9   your common sense.  There is no magic formula by which you can evaluate testimony.  You may use the

10  same tests here that you use in your everyday life when evaluating statements made by others to you.

11  You may ask yourselves: Did the witness impress you as open, honest, and candid?  How responsive

12  was the witness to the questions asked on direct examination and on cross-examination?

13        If you find that a witness intentionally told a falsehood, that is always a matter of importance you

14  should weigh carefully.  On the other hand, a witness may be inaccurate, contradictory, or even

15  untruthful in some respects and entirely believable and truthful in other respects.  It is for you to

16  determine whether such inconsistencies are significant or inconsequential, and whether to accept or

17  reject all of the testimony of any witness, or to accept or reject only portions.

18        You are not required to accept testimony even though the testimony is uncontradicted and the

19  witness's testimony is not challenged.  You may reject it because of the witness's bearing or demeanor,

20  or because of the inherent improbability of the testimony, or for other reasons sufficient for you to

21  conclude that the testimony is not worthy of belief.

22        In evaluating the credibility of the witnesses, you should take into account any evidence that a

23  witness may benefit in some way from the outcome of the case.  Such an interest in the outcome creates

1   a motive to testify falsely and may sway a witness to testify in a way that advances his or her own

2   interests.  Therefore, if you find that any witness whose testimony you are considering may have an

3   interest in the outcome of this trial, you should bear that factor in mind when evaluating the credibility

4   of his or her testimony and decide whether to accept it with great care.

5          Keep in mind, though, that it does not automatically follow that testimony given by an interested

6   witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of

7   the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and

8   common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

9

10  Cooperating Witness Testimony

11         You have heard from a witness — Afolabi Adeusi — who testified that he was involved in

12  committing certain crimes and is now cooperating with the Government.

13         Experience will tell you that the Government sometimes must rely on the testimony of so-called

14  cooperating witnesses.  The Government must take its witnesses as it finds them and sometimes must

15  use such testimony in a criminal prosecution because otherwise it would be difficult or impossible to

16  detect and prosecute wrongdoers.  For these very reasons, the law allows the use of testimony from

17  cooperating witnesses.  Indeed, under federal law, the testimony of a cooperating witness may be

18  enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a

19  reasonable doubt.

20         You may not draw any conclusions or inferences of any kind about the guilt of the defendant on

21  trial from the fact that Mr. Adeusi pleaded guilty to other charges.  The decision of that witness to plead

22  guilty was a personal decision that witness made about his own guilt.  It may not be used by you in any

23  way as evidence against or unfavorable to the defendant.

1    Additionally, because of the interest a cooperator may have in testifying, you should scrutinize

2  his testimony with special care and caution.  You may consider the fact that a witness is a cooperator as

3  bearing upon his credibility.  Like the testimony of any other witness, cooperating witness testimony

4  should be given such weight as it deserves in light of the facts and circumstances before you, taking into

5  account the witness's demeanor and candor, the strength and accuracy of the witness's recollection, his

6  background, and the extent to which his testimony is or is not corroborated by other evidence in the

7  case.  You may consider whether a cooperating witness has an interest in the outcome of the case and, if

8  so, whether that interest has affected his testimony.

9    You heard testimony about an agreement between the Government and the cooperating witness.

10  I must caution you that it is no concern of yours why the Government made an agreement with a

11  particular witness.  You may, however, consider the effect, if any, that the existence or terms of the

12  agreement have on the witness's credibility.  A witness who hopes to obtain leniency may have a motive

13  to testify as he believes the Government wishes, or he may feel that it is in his interest to incriminate

14  others.  As with any witness, your responsibility is to determine whether any such motive or intent has

15  influenced the witness's testimony and whether the witness has told the truth, in whole or in part.

16    In sum, in evaluating the testimony of a cooperating witness, you should ask yourselves the

17  following questions:  Would the accomplice benefit more by lying or by telling the truth?  Was any part

18  of his testimony potentially made up because he believed or hoped that he would receive favorable

19  treatment from the Government by testifying falsely or as he believed the Government wanted?  Or did

20  he believe that his interests would be best served by testifying truthfully?  If you believe that the witness

21  was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it

22  one that would cause him to tell the truth?  Did this motivation color his testimony?  It does not follow,

1  however, that simply because a person has admitted to participating in one or more crimes, he is

2  incapable of giving a truthful version of what happened.

3      If you think that the testimony was false, you should reject it.  However, if, after a cautious and

4  careful examination of an accomplice witness's testimony, you are satisfied that the witness told the

5  truth, you may accept his testimony as credible and act upon it accordingly.

6      As with any witness, let me remind you that the issue of credibility need not be decided in an all-

7  or-nothing fashion.  If you find that a witness has been untruthful in some respect, you may, but are not

8  required to, reject the witness's testimony in its entirety.  Even if you find that a witness testified falsely

9  in one part, you still may accept his testimony in other parts.  How much of a witness's testimony to

10  accept, if any, is a determination entirely for you, the jury.

11  **Adapted from *United States v. Schulte*, 17 Cr. 548 (JMF) (S.D.N.Y. 2022); *United States v.***

12  ***Marquez-Alejandro*, 16 Cr. 387 (JMF) (S.D.N.Y. 2022); *United States v. Lopez-Cabrera*, S5 11 Cr.**

13  **1032 (PAE) (S.D.N.Y. 2014); Sand, Modern Federal Jury Instructions - Criminal, Instr. 7-5.**

14

15  Law Enforcement and Government Witnesses

16      You have heard testimony from law enforcement or other government witnesses.  The fact that a

17  witness may be employed as a law enforcement official or government employee does not mean that his

18  or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than

19  that of an ordinary witness.  It is your decision, after reviewing all the evidence, whether to accept the

20  testimony of any law enforcement witness or government witnesses, as it is with every other type of

21  witness, and to give to that testimony the weight you find it deserves.

22

Expert Witnesses

You have heard testimony from an expert witness.  As I previously explained, an expert witness is someone who, by education or experience, has acquired learning or experience in a specialized area of knowledge.  Such a witness is permitted to express his opinions on matters about which he or she has specialized knowledge and training.  The parties may present expert testimony to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Your role in judging credibility applies to the expert as well as other witnesses.  In weighing the expert's opinion, you may consider the expert's qualifications, education, and reasons for testifying, as well as all of the other considerations that ordinarily apply, including all the other evidence in the case. If you find the opinion of the expert is based on sufficient data, education, and experience, and the other evidence does not give you reason to doubt his conclusions, you would be justified in placing reliance on his testimony.  However, you should not accept witness testimony simply because the witness is an expert.  The determination of the facts in this case rests solely with you.

Preparation of Witnesses

You have heard some evidence during the trial that witnesses discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.  Although you may consider such evidence when you are evaluating a witness's credibility, it is common for a witness to meet with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on the subjects, and have the opportunity to review relevant exhibits before being questioned about them.  In fact, it would be unusual for a lawyer to call a witness without such

1   consultation.  As always, the weight you give to the fact or the nature of these issues and what

2   inferences you draw from them are matters completely within your discretion.

3

4   <u>Uncalled Witnesses</u>

5          There are people whose names you have heard during the course of the trial but who did not

6   appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to

7   call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as

8   to what they would have testified to had they been called.  Their absence should not affect your

9   judgment in any way.

10          You should, however, remember my instruction that the law does not impose on a defendant in a

11  criminal case the burden or duty of calling any witness or producing any evidence.  The burden of proof

12  remains at all times with the Government.

13

14  <u>Number of Witnesses and Uncontradicted Testimony</u>

15         The fact that one party called more witnesses or introduced more evidence does not mean that

16  you should necessarily find the facts in favor of the side offering the most witnesses and the most

17  evidence.  By the same token, you do not have to accept the testimony of any witness who has not been

18  contradicted or impeached, if you find the witness to be not credible.  After examining all the evidence,

19  you may decide that the party calling the most witnesses has not persuaded you because you do not

20  believe its witnesses or because you do believe the fewer witnesses called by the other side.

21         Again, you should also keep in mind that the burden of proof is always on the Government.  The

22  defendant is not required to call any witnesses or offer any evidence, since he is presumed to be

23  innocent.  On the other hand, the Government is not required to prove each element of the offense by

1    any particular number of witnesses.  The testimony of a single witness may be enough to convince you

2    beyond a reasonable doubt of the existence of the elements of the charged offenses — if you believe that

3    the witness has truthfully and accurately related what he or she has told you.  The testimony of a single

4    witness may also be enough to convince you that reasonable doubt exists, in which case you must find

5    the defendant not guilty.

6

7    <u>Stipulations</u>

8           Stipulations were entered into relating to various facts in this case.  A stipulation is an agreement

9    between parties as to what certain facts were or what the testimony would be if certain people testified

10    before you.  The stipulations are the same for your purposes as the presentation of live testimony.  You

11    should consider the weight to be given such evidence just as you would any other evidence.

12

13    <u>Charts and Summaries</u>

14           The Government has presented exhibits in the form of charts and summaries.  As I mentioned to

15    you earlier, I admitted these charts and summaries in place of, or in addition to, the underlying testimony

16    or documents that they represent in order to save time and avoid unnecessary inconvenience.  They are

17    no better than the testimony or the documents upon which they are based.  Therefore, you are to give no

18    greater consideration to these charts or summaries than you would give to the evidence upon which they

19    are based.  It is for you to decide whether they correctly present the information contained in the

20    testimony and in the exhibits on which they were based.

21

1    <u>Searches and Seizures</u>

2        You have heard testimony about evidence that was seized and about various searches, including

3    searches of electronic devices and electronic service providers.  Evidence obtained from those searches

4    was properly admitted in this case and may be properly considered by you.  Indeed, such searches are

5    entirely appropriate law enforcement actions.  Whether you approve or disapprove of how the evidence

6    was obtained should not enter into your deliberations because I instruct you that the Government's use

7    of the evidence is lawful.

8        You must, therefore, regardless of your personal opinions, give this evidence full consideration

9    along with all the other evidence in the case in determining whether the Government has proved the

10   defendant's guilt beyond a reasonable doubt.  Once again, however, it is for you to decide what weight,

11   if any, to give to this evidence.

12

13   <u>Particular Investigative Techniques</u>

14       You have heard reference to certain investigative techniques that were used or not used by the

15   Government in this case.  There is no legal requirement that the Government prove its case through any

16   particular means.  While you are to carefully consider the evidence and/or lack of evidence adduced by

17   the Government, you are not to speculate as to why the Government used the techniques it did or why it

18   did not use other techniques.  Your concern is to determine whether or not, on the evidence or lack of

19   evidence, the Government has met its burden of proving each element of each charge beyond a

20   reasonable doubt.

21

1    <u>All Available Evidence Need Not Be Introduced</u>

2        The law does not require any party to call as witnesses all persons who may have been present at

3    any time or place involved in the case, or who may appear to have some knowledge of the matter in

4    issue at this trial.  Nor does the law require any party to produce as exhibits all relevant papers and

5    things available to either party during the course of the trial.

6

7    <u>Transcripts of Recordings</u>

8        The Government was permitted to give you transcripts containing the Government's

9    interpretation of what can be heard on some of the audio recordings that were received as evidence.  As I

10   told you, those were given to you as an aid or guide to assist you in listening to the recordings.  The

11   transcripts are not in and of themselves evidence.  You alone should make your own interpretation of

12   what appears on the recordings based on what you heard.  If you think you heard something differently

13   than appeared on the transcript, then what you heard is controlling.

14   **Adapted from _United States v. Schulte_, 17 Cr. 548 (JMF) (S.D.N.Y. 2022); _United States v. Dupigny_,**

15   **S1 18 Cr. 528 (JMF) (S.D.N.Y. 2020).**

16

17   <u>The Defendant's Testimony</u>

18       The defendant did not testify.  Under our Constitution, a defendant is presumed innocent and has

19   no obligation to testify or to present any other evidence because, as I have told you many times, it is the

20   Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains on

21   the Government throughout the entire trial and never shifts to the defendant.  A defendant is never

22   required to prove that he is innocent.

1        You may not attach any significance to the fact that the defendant did not testify.  No adverse

2    inference against the defendant may be drawn by you because the defendant did not take the witness

3    stand.  You may not consider this in any way in your deliberations in the jury room.

4

5

6                        II. SUBSTANTIVE INSTRUCTIONS

7        That concludes my introductory instructions.  Let me now turn to the charges.

8

9    <u>The Indictment</u>

10       Mr. Raji is formally charged in an Indictment.  As I instructed you at the outset of this case, the

11   Indictment is a charge or accusation.  It is not evidence, and it does not prove or even indicate guilt.  It

12   does not create any presumption or permit any inference that the defendant is guilty.  As I have told you

13   many times, the defendant is presumed innocent and has entered a plea of not guilty.  It is the

14   Government's burden to prove the defendant's guilt beyond a reasonable doubt.

15       The Indictment (a copy of which you will have in the jury room during your deliberations)

16   contains four charges, or "counts," against the defendant.  Each count accuses the defendant of

17   committing a different crime between around July 2018 and September 2018.  You must, as a matter of

18   law, consider each count, and you must return a separate verdict for each count in which the defendant is

19   charged.  Your verdict on one count should not control your decision as to any other count.

20       Counts One and Two charge that Mr. Raji committed wire fraud or participated in a conspiracy

21   to commit wire fraud against a hedge fund named Marble Arch Investments.  Specifically, the

22   indictment alleges that Mr. Raji and others fraudulently induced the hedge fund to send $1.7 million to a

23   bank account held by a company called Unique Bamboo Investments, of which Mr. Raji was Vice

1    President.  Count Three charges that Mr. Raji received stolen funds from this fraudulent wire transfer.

2    And Count Four charges that Mr. Raji participated in a conspiracy to commit money laundering using

3    the proceeds from the fraudulent wire transfer.

4         I will explain each count in turn.  I remind you that you must consider each count separately and

5    return a separate verdict on each count.

6    **Adapted from *United States v. Schulte*, 17 Cr. 548 (JMF) (S.D.N.Y. 2022); *Abreu*, 21 Cr. 300 (JMF)**

7    **(S.D.N.Y. 2022); *United States v. Avenatti*, 19 Cr. 374 (JMF) (S.D.N.Y. 2022).**

8

9    Definitions: Unlawfully, Knowingly, Intentionally, and Willfully

10        Before I instruct you on each of the counts, I want to define some terms and concepts that will

11   come up repeatedly throughout these instructions.

12        One set of terms relates to the defendant's state of mind.  Specifically, the defendant cannot be

13   convicted of any crime unless, among other things, he acted "unlawfully," "knowingly," and

14   "intentionally" (or, as it is sometimes put, "willfully").

15        "Unlawfully," obviously, means contrary to law.  In terms of its application to the defendant's

16   state of mind, however, the Government is not required to show that the defendant knew that he was

17   breaking any particular law.  Instead, the Government must prove that the defendant was aware of the

18   generally unlawful nature of his acts.

19        "Knowingly" means to act deliberately and voluntarily, rather than by mistake or accident or

20   mere inadvertence.

21        "Intentionally" and "Willfully" mean to act deliberately and with a bad purpose, rather than

22   innocently.

1    The question of whether a person acted with a particular state of mind — such as knowingly or

2    intentionally — is a question of fact for you to determine, like any other fact question.  Direct proof of a

3    person's state of mind is often not available.  It would be a rare case where it could be shown that a

4    person wrote or stated that as of a given time in the past he committed an act with a particular state of

5    mind.  Such direct proof is not required.  The ultimate facts of knowledge and criminal intent, though

6    subjective, may be established by circumstantial evidence, based upon a person's outward

7    manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the

8    evidence and the rational or logical inferences that may be drawn from them.  Circumstantial evidence,

9    if believed, is of no less value than direct evidence.  In either case, however, the essential elements of

10   the crime, as I will explain them to you, must be established beyond a reasonable doubt.

11   **Adapted from the parties' Joint Proposed Charge; Sand, _Modern Federal Jury Instructions_, Instr.**

12   **3A-1, 3A-3, 3A-4.**

13

14   Conspiracy and Substantive Counts

15   The defendant is charged in two counts — specifically, Counts One and Four — with

16   participating in conspiracies.  The defendant is charged in Counts Two and Three with what are called

17   "substantive" crimes.  I will instruct you as to each count separately in just a moment.

18   A conspiracy count is different from a substantive count.  Generally speaking, a conspiracy

19   charge alleges that two or more persons agreed together to accomplish an unlawful objective.  The focus

20   of a conspiracy count, therefore, is on whether there was an unlawful agreement.  There can be no

21   conspiracy unless at least two people reached such an unlawful agreement, whether express or implied.

1        A substantive count, on the other hand, charges a defendant with the actual commission of an

2    offense.  A substantive offense therefore may be committed by a single person, and it need not involve

3    any agreement with anyone.

4        A conspiracy to commit a crime is an entirely separate and different offense from a substantive

5    crime, the commission of which may be an object or goal of the conspiracy.  And because the essence of

6    the crime of conspiracy is an agreement or understanding to commit a crime, it does not matter if the

7    crime, the commission of which was an objective of the conspiracy, was ever committed.  In other

8    words, if a conspiracy exists and certain other requirements are met, it is punishable as a crime even if

9    its purpose was not accomplished.  Consequently, a conspiracy charge does not require proof that the

10    crime or crimes that were the objective or objectives of the conspiracy actually were committed.

11        By contrast, conviction on a substantive count requires proof that the crime charged actually

12    was committed or attempted, but does not require proof of an agreement.  If a defendant both

13    participates in a conspiracy and commits the crime or crimes that were the object or objects of the

14    conspiracy, that defendant may be guilty of both the conspiracy and the substantive crime or crimes.

15    **Adapted from the parties' Joint Request to Charge.**

16

17    Count Two: Wire Fraud — Elements

18        I will now turn to the elements of each count.  As I noted previously, Count One charges the

19    defendant with conspiracy to commit wire fraud, but I am going to begin with Count Two, which

20    charges the defendant with the substantive crime of wire fraud, as doing so will simplify my instructions

21    with respect to the wire fraud conspiracy count.

22        In order to find the defendant guilty of Count Two, the Government must prove the following

23    three elements beyond a reasonable doubt:

1    *First*, that between around July 2018 and September 2018, there was a scheme or artifice to

2    defraud or to obtain money or property by materially false and fraudulent pretenses, representations, or

3    promises;

4    *Second*, that the defendant knowingly, willfully, and with the intent to defraud, devised or

5    participated in the scheme or artifice; and

6    *Third*, that an interstate or international wire communication was used in furtherance of the

7    scheme or artifice.

8    **Adapted from the parties' Joint Request to Charge; *United States v. Avenatti*, 19 Cr. 374 (JMF)**

9    **(S.D.N.Y. 2020); *United States v. Lavidas*, 19 Cr. 716 (DLC) (S.D.N.Y. 2020); *United States v. Hoey*,**

10   **15 Cr. 229 (PAE) (S.D.N.Y. 2016); *United States v. Balkany*, 10 Cr. 441 (DLC) (S.D.N.Y. 2010);**

11   **Sand, *Model Federal Jury Instructions-Criminal*, Instrs. 44-3; *see United States v. Calderon*, 944**

12   **F.3d 72, 85 (2d Cir. 2019); *United States v. Weaver*, 860 F.3d 90, 94 (2d. Cir. 2017).**

13

14   Count Two — First Element: Existence of a Scheme or Artifice

15   The first element the Government must prove beyond a reasonable doubt with respect to Count

16   Two is the existence of a scheme or artifice to defraud or to obtain money or property by means of false

17   or fraudulent pretenses, representations, or promises.

18   A "scheme or artifice" is merely a plan for the accomplishment of an object. A "scheme to

19   defraud" is any plan, device or course of action to obtain money or property by means of false or

20   fraudulent pretenses, representations or promises.

21   Now, "fraud" is a general term that includes all the various means by which human ingenuity can

22   devise and that are resorted to by an individual to gain some unfair advantage over another person by

23   false representations, false suggestions or suppression of the truth, or deliberate disregard for the truth.

1    Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit,

2    deception or swindle.

3          The scheme to defraud charged here is alleged to have been carried out by making false

4    pretenses, representations, promises, and statements.  A pretense, representation, promise, or statement

5    is false if it is untrue when made and was then known to be untrue by the person making it or causing it

6    to be made.  A pretense, representation, promise, or statement is fraudulent if it was falsely made with

7    the intention to deceive.  Deceitful statements or representations of half-truths or the concealment of

8    material facts may also constitute false or fraudulent statements or representations under the wire fraud

9    statute.

10         The deception need not be premised upon spoken or written words alone.  The arrangement of

11   the words, or the circumstances in which they are used may convey the false and deceptive appearance.

12   If there is deception, the manner in which it is accomplished is of no consequence.

13         The false or fraudulent pretense, representation, promise or statement must relate to a "material"

14   fact or matter.  A material fact is one that reasonably would be expected to be of concern to a reasonable

15   and prudent person in relying upon the pretense, representation, promise or statement in making a

16   decision.  This means if you find a particular statement of fact or representation to have been false, you

17   must also determine whether that statement or representation was one that a reasonable person would

18   have considered important in making his or her decision.  The same principle applies to fraudulent half-

19   truths or omissions of material facts necessary to make the statements that were made not materially

20   misleading.  The Government does not need to prove that anyone actually relied on the false statement

21   or representation.  Instead, it is sufficient if the misrepresentation is one that is capable of influencing a

22   reasonable person's decision and is intended to do so.

1      In addition to proving that a pretense, representation, promise or statement was false or

2  fraudulent and related to a material fact, in order to establish a scheme to defraud, the Government must

3  prove that the alleged scheme contemplated wrongly depriving another of money or property.  The

4  Government is not, however, required to prove that the defendant personally originated the scheme to

5  defraud.  Nor is the Government required to prove that the scheme or artifice to defraud actually

6  succeeded — that is, the Government is not required to prove that the defendant realized any gain from

7  the scheme, or that the intended victim suffered any loss or harm.  Although whether or not the scheme

8  actually succeeded is not the question, you may consider whether it succeeded in determining whether

9  the scheme existed.  The question for you to decide is whether the Government has proved that the

10 defendant knowingly devised, or participated in, a scheme to defraud.

11     A scheme or artifice to defraud need not be shown by direct evidence, but may be established by

12 all the circumstances and facts in the case.

13 **Adapted from the parties' Joint Request to Charge; Sand, _Modern Federal Jury Instructions_,**

14 **Instr. 44-4.; _United States v. Celvin_, 21 Cr. 88 (JSR) (S.D.N.Y. 2022); _United States v. Vidal_, 21 Cr.**

15 **726 (DLC) (S.D.N.Y. 2022); _see also United States v. Weaver_, 860 F.3d 90, 94 (2d Cir. 2017)**

16 **(describing the essential elements of wire fraud).**

17

18 Count Two — Second Element: Knowledge and Intent to Defraud

19     The second element that the Government must prove beyond a reasonable doubt with respect to

20 Count Two is that the defendant devised or participated in the fraudulent scheme knowingly, willfully,

21 with the specific intent to defraud.

22     I have already explained the meaning of the terms "knowingly" and "willfully," and you should

23 apply those instructions here.

1      To "devise" a scheme to defraud is to concoct or plan it.  To "participate" in a scheme to defraud

2    means to associate oneself with it with a view and intent toward making it succeed.  Although a mere

3    onlooker is not a participant in a scheme to defraud, it is not necessary that a participant be someone

4    who personally and visibly executes the scheme to defraud.

5      "Intent to defraud" means to act knowingly and with the specific intent to deceive, for the

6    purpose of causing some financial or property loss to another.  Thus, the defendant acted with intent to

7    defraud in the context of wire fraud if  he engaged or participated in the fraudulent scheme with

8    awareness of its fraudulent or deceptive character, with an intention to be involved in the scheme to

9    defraud and to help it succeed, and with a purpose of obtaining money or property from the victim.  That

10   is, the Government must prove beyond a reasonable doubt that the defendant contemplated some actual

11   harm or injury to a victim with respect to the victim's money or property.  But, the Government does not

12   need to prove that the intended victim was actually harmed; only that the defendant intended to harm the

13   victim by obtaining money or property.

14     Since an essential element of wire fraud is intent to defraud, it follows that good faith on the part

15   of the defendant is a complete defense to a charge of wire fraud.  A defendant, however, has no burden

16   to establish a defense of good faith.  The burden is on the Government to prove fraudulent intent and the

17   consequent lack of good faith beyond a reasonable doubt.  If the defendant participated in the scheme to

18   defraud, then a belief by the defendant, if such belief existed, that ultimately everything would work out

19   so that no one would lose any money does not mean that the defendant acted in good faith.

20     To conclude on this element, if you find that the defendant was not a knowing participant in the

21   scheme or that he lacked the specific intent to defraud, you should find the defendant not guilty.  On the

22   other hand, if you find that the Government has established beyond a reasonable doubt the first element,

1    namely the existence of the scheme to defraud, and this second element, that the defendant was a

2    knowing participant and acted with specific intent to defraud, then you must consider the third element.

3    **Adapted from the parties' Joint Request to Charge; Sand, *Modern Federal Jury Instructions*,**

4    **Instr. 44-5.; *United States v. Avenatti*, 19 Cr. 347 (JMF) (S.D.N.Y. 2022);  *United States v. Vidal* 21**

5    **Cr. 726 (DLC) (S.D.N.Y. 2022); *United States v. Celvin*, 21 Cr. 88 (JSR) (S.D.N.Y. 2022); *United***

6    ***States v. Males*, 459 F.3d 154, 159 (2d Cir. 2006) (holding that jury instruction for wire fraud**

7    **charge that "the requirement of contemplated harm or injury does not require that [defendant]**

8    **intended to permanently de[p]rive the victim's money or property" "was an accurate statement of**

9    **the applicable law").**

10

11    Count Two — Third Element: Use of Interstate or Foreign Wires

12         The third and final element that the Government must establish beyond a reasonable doubt with

13    respect to Count Two is that an interstate or foreign wire (for example, a telephone call, email

14    communication, WhatsApp message, text message, or bank wire transfer) was used in furtherance of the

15    scheme to defraud, within the period of the scheme listed in Count One.

16         The "interstate" or "foreign" requirement means that the wire communication must pass between

17    two or more states or between the United States and a foreign country.  This could include, for example,

18    a telephone call between two different states, an email between two different states or between a foreign

19    county and the United States, a wire transfer between banks located in two different states, or a wire

20    transfer between a bank in the United states and a bank in a foreign country.

21         To be in furtherance of the scheme, the wire communication must be incident to an essential part

22    of the scheme to defraud and must have been caused, directly or indirectly, by the defendant.  It is not

23    necessary for the defendant to be directly or personally involved in any wire communication, as long as

1    the communication is reasonably foreseeable in the execution of the alleged scheme to defraud in which

2    the defendant participated.  In this regard, it would be sufficient to establish this element of the crime if

3    the Government proved that the defendant caused the wires to be used by others. This does not mean

4    that the defendant himself must have specifically authorized or directed others to execute a wire

5    communication.  When a person acts with knowledge that the use of wire facilities will follow in the

6    ordinary course of business, or where the use of wire facilities can reasonably be foreseen, even though

7    not actually intended, then he causes the wires to be used.  Furthermore, the requirement that an

8    interstate or foreign wire facility was used is satisfied even if a wire facility was used by a person with

9    no knowledge of the fraudulent scheme, including a victim of the alleged fraud, so long as the wire was

10   in furtherance of the alleged scheme.

11         The use of a wire facility need not itself be fraudulent.  Stated another way, the material sent by

12   wire need not contain any fraudulent representation, or even any request for money.  It is sufficient if a

13   wire facility was used to further or assist in carrying out the scheme to defraud.

14         Only the use of a wire facility must be reasonably foreseeable, not its interstate or foreign

15   component.  Thus, if you find that the use of a wire facility was reasonably foreseeable, and an interstate

16   or foreign wire facility was actually used, then this element is satisfied even if it was not foreseeable that

17   the wire communication would cross state or national boundaries.

18   **Adapted from the parties' Joint Request to Charge; Sand, _Modern Federal Jury Instructions_,**

19   **Instr. 44-7; _United States v. Avenatti_, 19 Cr. 374 (JMF) (S.D.N.Y. 2022); _United States v. Lavidas_, 19**

20   **Cr. 716 (DLC) (S.D.N.Y. 2020); _United States v. Campos_, 16 Cr. 395 (VEC) (S.D.N.Y. 2020); _see_**

21   **_United States v. Halloran_, 821 F.3d 321, 342 (2d Cir. 2016).**

22

1    Count One: Wire Fraud Conspiracy — Elements

2           Having explained the substantive crime of wire fraud, I will return to Count One, which charges

3    the defendant with conspiring to commit wire fraud.  In order to find the defendant guilty of Count One,

4    the Government must prove the following two elements beyond a reasonable doubt:

5           *First*, that the conspiracy charged existed — that is, that between around July 2018 and

6    September 2018, an agreement or understanding between two or more persons existed to violate the

7    laws of the United States that make it a crime to commit wire fraud; and

8           *Second*, that the defendant intentionally and knowingly became a member of this conspiracy —

9    that is, that at some point during the conspiracy, he knowingly joined and participated in the conspiracy

10   to commit wire fraud with knowledge of its illegal objects and an intent to further those objects.

11   **Adapted from the the parties' Joint Request to Charge; *United States v. Celvin*, 21 Cr. 88 (JSR)**

12   **(S.D.N.Y. 2022); *see United States v. Roy*, 783 F.3d 418, 420 (2d Cir. 2015) (affirming jury**

13   **instruction for conspiracy under 18 USC Section 1349 that did not require proof of overt act);**

14   ***United States v. Kazarian*, No. 10 Cr. 895 (PGG), 2012 WL 1810214, at \*24 n.12 (S.D.N.Y. May 18,**

15   **2012) ("Unlike Section 371, Section 1349 contains no overt act requirement, and courts have**

16   **rejected the argument that such a requirement should be read into the statute.").**

17

18   Count One — First Element: Existence of the Conspiracy

19          Starting with the first element, what is a conspiracy?  A conspiracy is an agreement or an

20   understanding, between two or more persons, to accomplish by joint action a criminal or unlawful

21   purpose.  If you find beyond a reasonable doubt that two or more persons came to an understanding,

22   explicitly or implicitly (that is, spoken or unspoken), to violate the law and to accomplish an unlawful

23   plan, then the Government will have sustained its burden of proof as to this element.

1    To satisfy its burden of proof on this element, the Government is not required to show that two

2    or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they

3    had formed a conspiracy to violate the law and spelling out who would do what in order to carry out the

4    unlawful project.  Common sense tells you that when people, in fact, agree to enter into a criminal

5    conspiracy, much is left to unexpressed understanding.  In determining whether a conspiracy existed,

6    you may consider direct as well as circumstantial evidence.

7    When people enter into a conspiracy to accomplish an unlawful end, they become agents and

8    partners of one another in carrying out the conspiracy.  In determining whether there has been an

9    unlawful agreement as alleged, you may consider the acts and conduct of the alleged co-conspirators

10   that were done to carry out the apparent criminal purpose.  The old adage, "Actions speak louder than

11   words," applies here.  Often, the only evidence that is available with respect to the existence of a

12   conspiracy is that of disconnected acts and conduct on the part of the alleged individual co-conspirators.

13   When taken together and considered as a whole, however, these acts and conduct may warrant the

14   inference that a conspiracy existed as conclusively as would direct proof.

15   The object of a conspiracy is the illegal purpose the co-conspirators agree or hope to achieve.

16   The object of the conspiracy charged in Count One is wire fraud, the substantive offense charged in

17   Count Two, which I have already explained to you.

18   **Adapted from the parties' Joint Request to Charge; Sand, _Modern Federal Jury Instructions_,**

19   **Instr. 19-4; _United States v. Dambelly_, 16 Cr. 002 (JMF) (S.D.N.Y. 2016);  _United States v. Lavidas_,**

20   **19 Cr. 716 (DLC) (S.D.N.Y. 2020); _United States v. Campos_, 16 Cr. 395 (VEC) (S.D.N.Y. 2017); _see_**

21   **_also United States v. Rea_, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the**

22   **government need not present evidence of an explicit agreement; proof of a tacit understanding will**

23   **suffice. The coconspirators need not have agreed on the details of the conspiracy, so long as they**

1  **have agreed on the essential nature of the plan, and their goals need not be congruent, so long as**

2  **they are not at cross-purposes.”);** *United States v. Montour*, **944 F.2d 1019, 1025 (2d Cir. 1991)**

3  **(“To prove the existence of an agreement, the government need not present evidence of a formal**

4  **arrangement between the co-conspirators. Rather, it is sufficient if the government can**

5  **demonstrate that the defendant acted together with others to realize a common goal.”).**

6

7  Count One — Second Element: Membership in the Conspiracy

8      If you conclude that the Government has proved beyond a reasonable doubt that the conspiracy

9  charged in Count One existed, then you must next determine the second question, which is whether the

10  defendant knowingly and willfully became a member of that conspiracy — that is, whether the

11  defendant participated in the conspiracy with knowledge of its unlawful purpose or purposes and in

12  furtherance of its unlawful objective or objectives.

13      The Government must prove beyond a reasonable doubt that the defendant knowingly and

14  willfully entered into the conspiracy with a criminal intent — that is, with a purpose to violate the law

15  — and that he agreed to take part in the conspiracy with knowledge of its unlawful purpose or purposes

16  and with the specific intention of further its objective or objectives.  I have already explained the

17  meaning of the terms “willfully” and “knowingly,” and you should apply those instructions here.

18      It is not necessary for the Government to show that the defendant was fully informed as to all the

19  details of the conspiracy in order for you to infer knowledge on his part.  To have guilty knowledge, a

20  defendant need not have known the full extent of the conspiracy, or all of the activities of all its

21  participants.  It is not even necessary that a defendant knew every other member of the conspiracy.

22      Indeed, each member of the conspiracy may perform separate and distinct acts and may perform

23  them at different times.  Some conspirators may play major roles, while others play minor roles.  An

1   equal role is not what the law requires.  In fact, even a single act may be sufficient to draw a defendant

2   within the scope of the conspiracy.

3        Nor is it necessary that a defendant received any monetary benefit from his participation in the

4   conspiracy, or had a financial stake in the outcome, so long as he in fact joined in the conspiracy in the

5   manner I have explained.

6        Keep in mind, however, that a person may know, assemble with, associate with, or be friendly

7   with, one or more members of a conspiracy, without being a conspirator himself.  Mere similarity of

8   conduct or the fact that the defendant may have discussed common aims and interests does not

9   necessarily establish roof of the existence of a conspiracy or the defendant's membership in the

10  conspiracy.  I also want to caution you that mere knowledge or acquiescence, without participation, in

11  the unlawful plan is not sufficient.

12       Moreover, the fact that the acts of the defendant, without knowledge, merely happen to further

13  the purposes or objectives of the conspiracy, does not make the defendant a member of the conspiracy.

14  More is required under the law.  What is necessary is that the defendant must have participated with

15  knowledge of at least some of the illegal purposes or objects of the conspiracy and with the intention of

16  aiding in the accomplishment of those unlawful ends.

17       The duration and extent of a defendant's participation has no bearing on the issue of the

18  defendant's guilt.  He need not have joined the conspiracy at the outset.  He may have joined it at any

19  time in its progress, and he will still be held responsible for full membership in the conspiracy.

20       Once a conspiracy is formed, it is presumed to continue until either its objective is accomplished

21  or there is some affirmative act of termination by the members.  So too, once a person is found to be a

22  member of a conspiracy, he is presumed to continue as a member in the conspiracy until the conspiracy

is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated himself from the conspiracy.

In sum, you must find beyond a reasonable doubt that the defendant, with an understanding of the unlawful character of the conspiracy, intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering the illegal undertaking. He thereby becomes a knowing and willing participant in the unlawful agreement — that is to say, a conspirator.

**Adapted from the parties' Joint Proposed Charge; Sand, _Modern Federal Jury Instructions_, Instrs. 19-6, 3A-1, 3A-3; _United States v. Dambelly_, 16 Cr. 002 (JMF) (S.D.N.Y. 2016); _see also United States v. Aleskerova_, 300 F.3d 286, 292-93 (2d Cir. 2002) (describing manner in which government may show participation in conspiracy with required state of mind); _United States v. Rea_, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence. A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member.") (citations omitted).**

Counts One and Two: Negligence of the Victim Is Not a Defense

With regard to both Counts One and Two, which charge conspiracy to commit wire fraud and wire fraud, it is unimportant whether a victim might have discovered the fraud had he or she probed further. If you find that a scheme or artifice to defraud existed, it is irrelevant whether you believe that a victim was careless, gullible, or even negligent. Negligence, carelessness, or gullibility on the part of the victims is no defense to a charge of such fraud.

1   **Adapted from the parties' Joint Request to Charge;** *see United v. Thomas*, **377 F.3d 232, 243-44**

2   **(2d Cir. 2004);** *United States v. Allen*, **20 F.3d 163, 167 (2d Cir. 2000).**

3

4   Count Three: Receipt of Stolen Money — Elements

5   Count Three charges the defendant with receiving stolen money.  In order to find the defendant

6   guilty of Count Three, the Government must prove the following five elements beyond a reasonable

7   doubt:

8   *First*, that money was stolen, converted, or taken;

9   *Second*, that after the money was stolen, converted, or taken, it crossed a state boundary or a

10  boundary of the United States;

11  *Third*, that the defendant received, possessed, concealed, stored, bartered, sold, or disposed of the

12  stolen, converted, or taken money;

13  *Fourth*, that the defendant knew the money had been stolen, converted, or unlawfully taken; and

14  *Fifth*, that the value of the money was at least $5,000.

15  **Adapted from the parties' Joint Request to Charge; Sand,** *Modern Federal Jury Instructions*,

16  **Instr. 54-47.**

17

18  Count Three — First Element: Money Stolen, Converted, or Unlawfully Taken

19  The first element the Government must establish beyond a reasonable doubt with respect to

20  Count Three is that the money described in the Indictment was stolen, converted, or unlawfully taken.

21  "Stolen" money means money taken with the intent to deprive the owner of the use or benefits of

22  ownership.

32

1    "Converted" money means money taken for one's own use by any dishonest or illegal means.

2    For example, if a person has received money in exchange for specific services, and he does not perform

3    those services and instead retains the money for his own use, he has converted the money.

4        Although you must decide, beyond a reasonable doubt, that the money at issue was stolen,

5    converted, or unlawfully taken, you do not have to determine who stole, converted, or unlawfully it or

6    that the defendant knew who did so.  The Government need not prove that the defendant personally stole

7    the property from the owner.  However, you must determine that the owner of the money at issue was

8    deprived of the rights and benefits of ownership, without the owner's consent.

9    **Adapted from the parties' Joint Request to Charge; Sand, *Modern Federal Jury Instructions*,**

10   **Instr. 54-48; *United States v. Celvin*, 21 Cr. 88 (JSR) (S.D.N.Y. 2022).**

11

12   Count Three — Second Element: Money Crossed a State or U.S. Boundary

13       The second element that the Government must establish beyond a reasonable doubt with

14   respect to Count Three is that, after the money was stolen, converted, or taken, it crossed a state

15   boundary of a boundary of the United States.

16       The defendant need not have intended or known of the money's interstate or foreign movement.

17   Nor is it necessary that the defendant actually, physically moved the money across state lines.  The

18   Government satisfies its burden on this element if it proves beyond a reasonable doubt that the defendant

19   received the money after it had moved across a state line or a border of the United States.

20   **Adapted from the parties' Joint Request to Charge; Sand, *Modern Federal Jury Instructions*,**

21   **Instr. 54-49; *United States v. Celvin*, 21 Cr. 88 (JSR) (S.D.N.Y. 2022).**

22

1  <u>Count Three — Third Element: Defendant Received, Possessed, Concealed, Stored, Bartered, Sold, or</u>

2  <u>Disposed of the Money</u>

3       The third element the Government must prove beyond a reasonable doubt with respect to Count

4  Three is that the defendant received, possessed, concealed, stored, bartered, sold, or disposed of the

5  stolen, converted, or unlawfully taken money.

6       In considering whether the defendant received, concealed, stored, bartered, sold, or disposed of

7  the money at issue, you should give those words their common and ordinary meaning, and understand

8  them as they are used in their everyday sense.  For example, a defendant may have "received" property

9  simply by physically taking possession of the property or exerting control over it.  The defendant need

10  not have benefited in any way from having received, concealed, stored, bartered, sold, or disposed of the

11  money in order for this element to be satisfied.

12       Whether a defendant received, possessed, stored, bartered, sold, or disposed of the money is a

13  question for you to determine from the surrounding facts and circumstances.  It is not necessary that the

14  Government prove that the defendant performed all of those actions with respect to the money.  The

15  Government satisfies its burden of proving unlawful receipt of money if it proves beyond a reasonable

16  doubt that the defendant engaged in any one of these actions with respect to the money.

17       However, you may not find the defendant guilty unless you agree, unanimously, that one

18  particular action, or type of action, was taken.  That is, you must all agree that the defendant received (or

19  possessed or concealed or stored or bartered or sold or disposed of) the money.  It is not enough that

20  some of you find only that the defendant concealed or stored the money, and the rest of you find only

21  that the defendant sold the money.  You must all agree that the defendant performed at least one specific

22  action, or type of action, with respect to the money in order to find the defendant guilty of Count Three.

1   **Adapted from the parties' Joint Request to Charge; Sand, *Modern Federal Jury Instructions*,**

2   **Instr. 54-50 and 54-51; *United States v. Freeman*, 21 Cr. 88 (JSR) (S.D.N.Y. 2022).**

3

4   Count Three — Fourth Element: Knowledge that the Money Was Stolen at the Time

5         The fourth element that the Government must prove beyond a reasonable doubt with respect to

6   Count Three is that the defendant knew at the time of receipt, possession, storage, bartering, sale, or

7   disposition that the money was stolen, converted, or unlawfully taken.

8         In deciding whether the defendant knew the money was stolen, converted, or unlawfully taken at

9   the relevant time, you must focus upon his actual knowledge at that time.  Even if you find that a

10  prudent person would have known that the money was stolen at the relevant time, if you find that the

11  defendant did not know, then you cannot find the defendant guilty.

12        The Government has offered evidence that the defendant was in possession of recently stolen

13  money.  I instruct you that you may — but need not — find from the defendant's possession of the

14  money that he knew it was stolen at the time he received it.

15        When I refer to the money as "recently" stolen, you should give the word "recently" its ordinary,

16  everyday meaning.  The longer the period since the theft, the weaker the connection between the

17  defendant's possession of the money and the defendant's knowledge that the money was stolen.  The

18  fact that the money was recently stolen is a factor for you to consider in examining the circumstances

19  surrounding the defendant's possession of the money, and deciding what conclusions, if any, you wish

20  to draw from that possession.

21        Let me emphasize again that you are not required to make a connection between the defendant's

22  possession of recently stolen money and his knowledge that the money was stolen.  The mere fact that I

23  am telling you that you may draw such a connection does not mean that I am encouraging you to make

1   it.  You need not draw a connection, even if you find that the defendant was in possession of the money

2   in question.  Remember that, at all times, the Government has the burden of proving beyond a

3   reasonable doubt that the defendant knew that the money was stolen, converted, or unlawfully taken.

4        This element involves a decision about the defendant's state of mind.  Earlier, I gave you

5   instructions about what evidence you may consider when making findings about the defendant's state of

6   mind, and you should follow those instructions here.

7   **Adapted from the parties' Joint Request to Charge; Sand, *Modern Federal Jury Instructions*,**

8   **Instrs. 54-53, 54-54.**

9

10  Count Three — Fifth Element: Value of the Money

11       The fifth element that the Government must prove beyond a reasonable doubt with respect to

12  Count Five is that the money at issue had a value of $5,000 or more.

13  **Adapted from the parties' Joint Request to Charge; Sand, *Modern Federal Jury Instructions*,**

14  **Instr. 54-55.**

15

16  Count Four: Money Laundering Conspiracy — Elements

17       Count Four — the final count — charges the defendant with conspiracy to commit money

18  laundering.  In order to find the defendant guilty of Count Four, the Government must prove the

19  following two elements beyond a reasonable doubt:

20       *First*, that the conspiracy charged existed — that is, an agreement or understanding between two

21  or more persons existed between around July 2018 and September 2018 to intentionally and knowingly

22  commit money laundering; and

23       *Second*, that the defendant knowingly and willfully became a member of the charged conspiracy.

1        I instructed you as to the definition of conspiracy and the element of membership in connection

2 with Count One, and those same instructions apply here.

3        The difference between Count One and Count Four is the object or objects of the charged

4 conspiracy.  The conspiracy charged in Count Four has two objects or goals, namely, two different types

5 of money laundering.

6        The first object is participation in a financial transaction that involves the proceeds of a specified

7 unlawful activity (here, the wire fraud scheme charged in Counts One and Two), knowing that the

8 transaction was designed to conceal or disguise the nature, location, source, ownership, or control of the

9 proceeds of specified unlawful activity.  This type of money laundering is known as "concealment"

10 money laundering.

11        The second object is engagement in a monetary transaction in criminally derived property of a

12 value of greater than $10,000.  This second object of the conspiracy charged in Count Four is known as

13 "monetary transactions in criminally derived property."

14        I will explain each of these objects in turn.  It is important to note, however, that the Government

15 does not need to prove that the defendant agreed to accomplish <u>both</u> of the two objects in order for you

16 to find the defendant guilty of Count Four, conspiracy to commit money laundering.  Moreover, as I

17 explained earlier, you need not find that either of the two objects was actually accomplished.  An

18 agreement to accomplish either one of the two objects or both is sufficient.  To find the defendant guilty

19 on Count Four, however, you must be unanimous as to which of the two objects the defendant agreed to

20 commit or unanimously agree that he agreed to commit both objects.

21 **Adapted from the the parties' Joint Request to Charge; 18 U.S.C. § 1956(a)(1); Sand, _Modern_**

22 **_Federal Jury Instructions_, Instr. 50A-7, 50A-26; _United States v. Ahaiwe_, 20 Cr. 179 (DLC)**

1  **(S.D.N.Y. 2021);** *see Whitfield v. United States*, **543 U.S. 209, 219 (2005) (no overt act requirement**

2  **for conspiracy to commit money laundering).**

3

4  Count Four — Object One: Concealment Money Laundering

5         To prove the substantive crime of concealment money laundering, the Government would have

6  to prove the following three elements beyond a reasonable doubt:

7         *First*, that the defendant conducted or attempted to conduct a "financial transaction" involving

8  property constituting the proceeds of specified unlawful activity, specifically, the wire fraud scheme

9  charged in Counts One and Two;

10        *Second*, that the defendant knew that the property involved in the financial transaction was the

11 proceeds of some form of unlawful activity; and

12        *Third*, that the defendant knew that the transaction was designed in whole or in part either to

13 conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified

14 unlawful activity.

15        The term "conducts" includes initiating, concluding, or participating in initiating or concluding a

16 transaction.

17        The term "financial transaction" means a transaction involving a financial institution that is

18 engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, or a

19 transaction that in any way or degree affects interstate or foreign commerce and involves the movement

20 of funds by wire or other means, or involves one or more monetary instruments.

21        A "transaction involving a financial institution" includes a deposit, withdrawal, transfer between

22 accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate

1   of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or

2   delivery by, through, or to a financial institution by whatever means.

3          The term "interstate or foreign commerce" means commerce between any combination of states,

4   territories or possessions of the United States, or between the United States and a foreign country.

5          The term "monetary instrument" includes, among other things, coin or currency of the United

6   States or any other country, personal checks, traveler's checks, cashier's checks, bank checks, money

7   orders, and investment securities or negotiable instruments in bearer form or otherwise in such form that

8   title thereto passes upon delivery.

9          The term "specified unlawful activity" includes wire fraud and conspiracy to commit wire fraud.

10  However, it is for you to determine whether the funds at issue were in fact the proceeds of the the wire

11  fraud scheme charged in Counts One and Two.

12         The defendant must have known that the property involved in the financial transaction

13  represented proceeds from some form, though not necessarily which form, of activity that constitutes a

14  felony under state, federal, or foreign law.  Thus, to satisfy this element, the Government does not have

15  to prove that the defendant specifically knew that the property involved in the transaction represented

16  the proceeds of wire fraud, a conspiracy to commit wire fraud, or any other specific offense.  The

17  Government has to prove only that the defendant knew the money represented the proceeds of some

18  illegal activity that was a felony.  I instruct you as a matter of law that wire fraud and wire fraud

19  conspiracy are felonies under federal law.

20         Finally, the defendant must have known that the transaction was designed to conceal or

21  disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful

22  activity, namely wire fraud.  Thus, if the defendant knew of the purpose of the particular transaction at

23  issue, and he knew that the transaction was either designed to conceal or disguise the true origin of the

1   property in question, this element is satisfied.  However, if the defendant knew of the transaction, but

2   did not know that it was either designed to conceal or disguise the true origin of the property in question,

3   this element has not been satisfied.

4   **Adapted from the parties' Joint Request to Charge; Sand, _Modern Federal Jury Instructions_,**

5   **Instrs. 50A-7, 50A-8, 50A-9, 50A-10; 18 U.S.C. § 1956(a)(1)(B); _United States v. Ahaiwe_, 20 Cr. 179**

6   **(DLC) (S.D.N.Y. 2021); _see United States_ v. _Henry_, 325 F.3d  93, 103 (2d Cir. 2003).**

7

8   Count Four — Object Two: Monetary Transactions in Criminally Derived Property

9       To prove the substantive crime of engaging in a monetary transaction in criminally derived

10  property, the Government would have to prove the following five elements beyond a reasonable doubt:

11      _First_ that the defendant engaged in a monetary transaction in or affecting interstate or foreign

12  commerce;

13      _Second_, that the defendant did so knowing that the transaction involved criminally derived

14  property;

15      _Third_, that the criminally derived property was of a value greater than $10,000;

16      _Fourth_, that the criminally derived property was, in fact, derived from a specified unlawful

17  activity, here from the wire fraud scheme charged in Counts One and Two; and

18      _Fifth_, that the monetary transaction took place either (1) in the United States or (2) outside of the

19  United States and the defendant is a "United States person."

20      The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or

21  affecting interstate or foreign commerce, of funds or a monetary instrument by, through, or to a financial

22  institution.

1        I have already explained the concepts of transactions "in or affecting interstate or foreign

2   commerce," and you should apply those instructions here too.  The effect on interstate commerce can be

3   established in several ways.  First, any monetary transaction with a financial institution insured by the

4   Federal Deposit Insurance Corporation (or "FDIC") affects interstate commerce, so if you find that a

5   bank involved in a relevant monetary transaction was insured by the FDIC that is enough to establish

6   that the transaction affected interstate commerce.  Second, if you find that the source of the funds used

7   in the transaction affected interstate or foreign commerce, that is sufficient as well.  Third, if you find

8   that the transaction itself involved an interstate or foreign transfer of funds, that would also be sufficient.

9        The term "criminally derived property" means any property constituting or derived from

10  proceeds obtained from any criminal offense.  The Government is not required to prove that the

11  defendant knew the particular offense from which the criminally derived property was derived.  But the

12  Government must prove beyond a reasonable doubt that the defendant knew that the transaction

13  involved property derived from some criminal offense.

14       The third and fourth elements of the crime constituting the second object of the conspiracy

15  charged in Count Four are, respectively, that the criminally derived property must be of a value greater

16  than $10,000, and that the criminally derived property must also, in fact, have been derived from a

17  specified unlawful activity, here, from the wire fraud scheme charged in Counts One and Two.

18       I previously defined the term "specified unlawful activity" and that definition applies here too.

19       The Government is not required to prove that all of the property involved in the transaction was

20  criminally derived property.  However, the Government must prove that more than $10,000 of the

21  property involved was criminally derived property.

22       The fifth element of the crime constituting the second object of the conspiracy charged in Count

23  Four is that the monetary transaction took place either (1) in the United States or (2) outside of the

41

1    United States and the defendant is a "United States person."  A "United States person" includes both

2    nationals of the United States and any person located within the territory of the United States.

3    **Adapted from the parties' Joint Request to Charge; Sand, *Modern Federal Jury Instructions*,**

4    **Instr. 50A-26, 50A-27, 50A-28, 50A-29, 50A-30, 50-A-31; *United States v. Celvin*, 21 Cr. 88 (JSR)**

5    **(S.D.N.Y. 2022); 18 U.S.C. §§ 1956 & 1957; 18 U.S.C. § 3077(2)(A), (B), (C); 31 U.S.C. § 5312(a)(2)**

6    **(defining relevant "financial institutions").**

7

8    <u>Counts One and Four: Objects of the Charged Conspiracies — Conscious Avoidance</u>

9         As I explained, with respect to both Counts One and Four, the Government is required to prove

10   beyond a reasonable doubt that the defendant knew of the illegal object or objects of the charged

11   conspiracy.  In determining whether the defendant did so, you may consider whether the defendant

12   deliberately closed his eyes to what otherwise would have been obvious.

13        For example, with respect to Count One, if you find that the defendant was aware of a high

14   probability that the object of the conspiracy was to commit wire fraud, but that the defendant acted with

15   deliberate disregard of that fact, you may find that the defendant acted knowingly.  The law calls this

16   "conscious avoidance."  Nevertheless, if you find that the defendant actually believed that he and his co-

17   conspirators were acting in a lawful manner, he may not be convicted of the charge in Count One.  This

18   principle applies to the charge in Count Four as well.

19        I want to be very clear about what this means and does not mean.

20        First, there is a difference between knowingly participating in the conspiracy and knowing the

21   objects of the conspiracy.  "Conscious avoidance," as I have described it, cannot be used as a basis for

22   finding that the defendant knowingly joined the conspiracy.  It is logically impossible for a defendant to

23   join the conspiracy unless he or she knows the fact that the conspiracy exists.  But if you find beyond a

1  reasonable doubt that the defendant knowingly chose to participate in a joint undertaking, you may

2  consider whether the defendant deliberately avoided confirming an otherwise obvious fact, such as, that

3  the purpose of the partnership he joined was to commit wire fraud or money laudering.

4      If you find beyond a reasonable doubt that the defendant was aware that there was a high

5  probability that his alleged co-conspirator's or co-conspirators' objective was to commit wire fraud or

6  money laundering, but that he deliberately avoided confirming this fact, you may treat this deliberate

7  avoidance of positive knowledge as the equivalent of knowledge of the object of the charged conspiracy,

8  unless you find that the defendant actually believed that he and his co-conspirator or co-conspirators

9  were acting in a lawful manner.

10     The necessary knowledge on the part of the defendant regarding the object of the conspiracy

11  cannot be established by showing the defendant was merely careless, negligent, stupid, or foolish or that

12  he or she should have known what was going on.  Thus, if the defendant actually believed that the

13  charged conspiracy was about something else entirely, or if he was merely foolish, careless, or even

14  reckless about the risk that he was wrong, then you cannot find him guilty of the count you are

15  considering.  Conscious avoidance can be established only where the defendant deliberately decided not

16  to confirm a key fact, when it was obvious or highly probable that the fact was true.  One may not

17  willfully and intentionally remain ignorant of important facts in order to escape the criminal laws.

18  **Adapted from the parties' Joint Request to Charge; Sand, _Modern Federal Jury Instructions_,**

19  **Instr. 3A-2; _United States v. Vidal_, 21 Cr. 726 (DLC) (S.D.N.Y. 2022); _see also United States v._**

20  **_Lange_, 834 F.3d 58, 76 (2d. Cir. 2016) ("Conscious avoidance may not be used to support a finding**

21  **as to . . . intent to participate in a conspiracy, but it may be used to support a finding with respect**

22  **to . . . knowledge of the conspiracy's unlawful goals."); _United States v. Hopkins_, 53 F.3d 533, 542**

23  **(2d Cir. 1995) ("[A conscious-avoidance] instruction is not inappropriate merely because the**

1    **government has primarily attempted to prove that the defendant had actual knowledge, while**

2    **urging in the alternative that if the defendant lacked such knowledge it was only because he had**

3    **studiously sought to avoid knowing what was plain.”);** *United States v. Feroz*, **848 F.2d 359, 360 (2d**

4    **Cir. 1988) (*per curiam*) (“[K]nowledge of the existence of a particular fact is established (1) if a**

5    **person is aware of a high probability of its existence, (2) unless he actually believes that it does not**

6    **exist.”).**

7

8    Counts Two and Three: Wire Fraud and Receipt of Stolen Money — Conscious Avoidance

9    As I explained earlier, to find the defendant guilty of Count Two, which charges him with wire

10   fraud, the Government must prove beyond a reasonable doubt that the defendant participated in a

11   scheme to defraud knowingly, willfully, and with the specific intent to defraud.  To find the defendant

12   guilty of Count Three, which charges him with receipt of stolen money, the Government must prove

13   beyond a reasonable doubt that the defendant knew at the relevant time that the money was stolen,

14   converted, or unlawfully taken.  Here too, you may consider whether the defendant deliberately closed

15   his eyes to what otherwise would have been obvious.  Thus, for example, if you find beyond a

16   reasonable doubt that the defendant was aware that there was a high probability that the money sent to

17   him was the proceeds of a fraudulent scheme, or that the money he received was stolen, but he

18   deliberately and consciously avoiding confirming those facts, you may treat this deliberate avoidance of

19   positive knowledge as the equivalent of knowledge, unless you find that the defendant actually believed

20   that he and his associates were acting in a lawful manner.  Again, however, I emphasize that the

21   necessary knowledge cannot be established by a showing that the defendant was careless, negligent, or

22   even foolish.

1  **Adapted from the parties' Joint Request to Charge; Sand, _Modern Federal Jury Instructions_,**

2  **Instr. 3A-2; _United States v. Celvin_, 21 Cr. 88 (JSR) (S.D.N.Y. 2022); _United States v. Barbera_, 21**

3  **Cr. 154 (JKG) (S.D.N.Y. 2022); _see also United States v. Newkirk_, 648 F. App'x 95 (2d Cir. 2017)**

4  **(affirming conscious avoidance instruction for wire fraud charge); _United States v. Webb_, 993 F.3d**

5  **104, 118-19 (2d Cir. 2021); _United States v. Pierre_, 285 Fed.Appx. 828, 830 (2d Cir. 2008).**

6

7  Venue

8     In addition to all of the elements I have described for you, in order to convict the defendant of

9  each count in the Indictment, you must also decide whether any act in furtherance of the count occurred

10 within the Southern District of New York.  The Southern District of New York includes Manhattan.

11 The Government does not have to prove that the complete crime was committed within the Southern

12 District of New York or that the defendant was ever in the Southern District of New York.  It is

13 sufficient to satisfy this element if any act in furtherance of the crime occurred within this District.

14    Venue must be examined separately for each count in the Indictment.  Venue on one count does

15 not establish venue on another count, although, if applicable, you may rely on the same evidence to

16 establish venue on multiple counts.  With respect to the conspiracy offenses charged in Counts One and

17 Four, it is sufficient to establish venue if the Government proves that any act in furtherance of the

18 conspiracy charged occurred in the Southern District of New York.  The act itself need not be a criminal

19 act; it could include, for example, a meeting with others involved in the criminal scheme within this

20 District.  The act need not be taken by the defendant or a conspirator, as long as the act was caused by

21 the conduct of the defendant or a coconspirator or was reasonably foreseeable.  With respect to the

22 substantive offenses charged in Counts Two and Three, it is sufficient to establish venue if the

23 Government proves any act in furtherance of the crime occurred within this District.

1    I should note that on this issue — and this issue alone — the Government need not prove venue

2    beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government

3    has satisfied its venue obligations as to a count if you conclude that it is more likely than not that any act

4    in furtherance of the crime charged in that count occurred in the Southern District of New York and that

5    it was reasonably foreseeable to the defendant that the act would take place in the Southern District of

6    New York.  By contrast, if you find that the Government failed to prove venue by a preponderance of

7    the evidence with regard to any count, then you must acquit the defendant of that count.

8    **Adapted from the parties' Joint Proposed Charge;** *United States v. Abreu*, **21 Cr. 300 (JMF)**

9    **(S.D.N.Y. 2022).**

10

11   Variance in Dates

12   It does not matter if the evidence you heard at trial indicates that a particular act occurred on a

13   different date.  The law requires only a substantial similarity between the dates alleged in the Indictment

14   and the dates established by the evidence.

15   **Adapted from the parties' Joint Proposed Charge; Sand,** *Modern Federal Jury Instructions-*

16   *Criminal*, **Instr. 3-12;** *United States v. Abreu*, **21 Cr. 300 (JMF) (S.D.N.Y. 2022).**

17

18

19                          III. CONCLUDING INSTRUCTIONS

20   Selection of the Foreperson

21   In a few minutes, you are going to go into the jury room and begin your deliberations.  Your first

22   task will be to select a foreperson.  The foreperson has no greater voice or authority than any other juror

23   but is the person who will communicate with me when questions arise and when you have reached a

46

1    verdict and who will be asked in open court to pass your completed Verdict Form to me.  Notes should

2    be signed by the foreperson and should include the date and time they were sent.  They should also be as

3    clear and precise as possible.  Any notes from the jury will become part of the record in this case.  So

4    please be as clear and specific as you can be in any notes that you send.  Do not tell me or anyone else

5    how the jury stands on any issue until after a unanimous verdict is reached.

6

7    Right to See Exhibits and Hear Testimony

8        All of the exhibits will be given to you near the start of deliberations.  In addition, you will also

9    be provided with a list of all the exhibits that were received into evidence.

10       If you prefer to view any evidence here in the courtroom or if you want any of the testimony

11   submitted to you or read back to you, you may also request that.  Keep in mind that if you ask for

12   testimony, however, the court reporter must search through her notes, the parties must agree on what

13   portions of testimony may be called for, and if they disagree, I must resolve those disagreements.  That

14   can be a time-consuming process.  So please try to be as specific as you possibly can in requesting

15   portions of the testimony, if you do.

16       Again, your requests for testimony — in fact, any communication with the Court — should be

17   made to me in writing, signed by your foreperson with the date and time, and given to one of the Court

18   Security Officers.

19

20   Juror Note-Taking

21       If any one of you took notes during the course of the trial, you should not show your notes to, or

22   discuss your notes with, any other jurors during your deliberations.  Any notes you have taken are to be

23   used solely to assist you.  The fact that a particular juror has taken notes entitles that juror's views to no

47

1   greater weight than those of any other juror.  Finally, your notes are not to substitute for your

2   recollection of the evidence in the case.  If, during your deliberations, you have any doubt as to any of

3   the testimony, you may — as I just told you — request that the official trial transcript that has been

4   made of these proceedings be submitted or read back to you.

5

6   Bias, Prejudice, and Sympathy

7       All of us, no matter how hard we try, tend to look at others and weigh what they have to say

8   through the lens of our own experience and background.  We each have a tendency to stereotype others

9   and make assumptions about them.  Often, we see life and evaluate evidence through a clouded filter

10  that tends to favor those like ourselves.  You must do the best you can to put aside such stereotypes, for

11  all litigants and witnesses are entitled to a level playing field.

12      In particular, it would be improper for you to consider, in reaching your decision as to whether

13  the Government sustained its burden of proof, any personal feelings you may have about the defendant's

14  race, religion, national-origin, gender, sexual orientation, or age.  Similarly, it would be improper for

15  you to consider any personal feelings you may have about the race, religion, national, origin, gender,

16  sexual orientation, or age of any witness or anyone else involved in this case

17      Indeed, under your oath as jurors, you are not to be swayed by bias, prejudice, or sympathy.  You

18  are to be guided solely by the evidence in this case, and as you sift through the evidence, the crucial

19  question that you must ask yourselves for each count is:  Has the Government proved each element of

20  each count beyond a reasonable doubt?

21      It is for you and you alone to decide whether the Government has proved that the defendant is

22  guilty of the crimes charged, solely on the basis of the evidence and subject to the law as I have

23  instructed you.

48

1    It must be clear to you that once you let prejudice, bias, or sympathy interfere with your thinking,

2    there is a risk that you will not arrive at a true and just verdict.

3    If you have a reasonable doubt as to the defendant's guilt with respect to a particular count, then

4    you must render a verdict of not guilty on that particular count.  On the other hand, if you should find

5    that the Government has met its burden of proving the guilt of the defendant beyond a reasonable doubt

6    with respect to a particular count, then you should not hesitate because of sympathy or any other reason

7    to render a verdict of guilty on that count.

8    I also caution you that, under your oath as jurors, you cannot allow to enter into your

9    deliberations any consideration of the punishment that may be imposed upon the defendant if he is

10    convicted.  The duty of imposing a sentence in the event of conviction rests exclusively with the Court,

11    and the issue of punishment may not affect your deliberations as to whether the Government has proved

12    the defendant's guilt beyond a reasonable doubt.

13

14    _Duty to Deliberate_

15    The most important part of this case, members of the jury, is the part that you as jurors are now

16    about to play as you deliberate on the issues of fact.  I know you will try the issues that have been

17    presented to you according to the oath that you have taken as jurors.  In that oath you promised that you

18    would well and truly try the issues joined in this case and a true verdict render.

19    As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity

20    to express your own views.  Every juror should be heard.  No one juror should hold the center stage in

21    the jury room and no one juror should control or monopolize the deliberations.  If, after listening to your

22    fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not

23    hesitate because of stubbornness or pride to change your view.  On the other hand, do not surrender your

1   honest convictions and beliefs solely because of the opinions of your fellow jurors or because you are

2   outnumbered.

3          Your verdict must be unanimous.  If at any time you are not in agreement, you are instructed that

4   you are not to reveal the standing of the jurors, that is, the split of the vote, to anyone, including me, at

5   any time during your deliberations.

6

7   <u>Return of the Verdict</u>

8          We have prepared a Verdict Form for you to use in recording your decisions, a copy of which is

9   attached to these instructions.  Do not write on your individual copies of the Verdict Form.  My staff

10  will give the official Verdict Form to Juror Number One, who should give it to the foreperson after the

11  foreperson has been selected.

12         You should draw no inference from the questions on the Verdict Form as to what your verdict

13  should be.  The questions are not to be taken as any indication that I have any opinion as to how they

14  should be answered.

15         After you have reached a verdict, the foreperson should fill in the Verdict Form and note the date

16  and time, and you should all sign the Verdict Form.  The foreperson should then give a note — **<u>not</u>** the

17  Verdict Form itself — to the Court Security Officer outside your door stating that you have reached a

18  verdict.  Do not specify what the verdict is in your note.  Instead, the foreperson should retain the

19  Verdict Form and hand it to me in open court when I ask for it.

20         I will stress again that each of you must be in agreement with the verdict that is announced in

21  court.  Once your verdict is announced in open court and officially recorded, it cannot ordinarily be

22  revoked.

1

2   <u>Closing Comments</u>

3       Finally, I say this, not because I think it is necessary, but because it is the custom in this

4   courthouse to say it: You should treat each other with courtesy and respect during your deliberations.

5       All litigants stand equal in this room.  All litigants stand equal before the bar of justice.  All

6   litigants stand equal before you.  Your duty is to decide between these parties fairly and impartially, and

7   to see that justice is done.

8       Under your oath as jurors, you are not to be swayed by sympathy or prejudice.  You should be

9   guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to

10  the consequences of your decision.  You have been chosen to try the issues of fact and reach a verdict on

11  the basis of the evidence or lack of evidence.  If you let sympathy or prejudice interfere with your clear

12  thinking, there is a risk that you will not arrive at a just verdict.  You must make a fair and impartial

13  decision so that you will arrive at the just verdict.

14      Members of the jury, I ask your patience for a few moments longer.  It is necessary for me to

15  spend a few moments with the parties and the court reporter at the side bar.  I will ask you to remain

16  patiently in the jury box, without speaking to each other, and we will return in just a moment to submit

17  the case to you.  Thank you.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                           :
UNITED STATES OF AMERICA,                                  :
                                                           :
        -v-                                                :          19-CR-870 (JMF)
                                                           :
MUSTAPHA RAJI,                                             :          <u>VERDICT FORM</u>
                                                           :
                              Defendant.                   :
                                                           :
------------------------------------------------------------------------X


### *All Answers Must Be Unanimous*

**<u>Count One</u> — Conspiracy to Commit Wire Fraud**

     Not Guilty _____          Guilty _____

**<u>Count Two</u> — Wire Fraud**

     Not Guilty _____          Guilty _____

**<u>Count Three</u> — Receipt of Stolen Funds**

     Not Guilty _____          Guilty _____

**<u>Count Four</u> — Conspiracy to Commit Money Laundering**

**Object #1: Conspiracy to commit money laundering by engaging in financial transactions that involve the proceeds of wire fraud in order to conceal or disguise the nature, location, source, ownership, or control of proceeds of wire fraud or conspiracy to commit wire fraud**

     Not Guilty _____          Guilty _____

**Object #2: Conspiracy to commit money laundering by engaging in monetary transactions of more than $10,000 in property derived from wire fraud or conspiracy to commit wire fraud**

     Not Guilty _____          Guilty _____


### *Please Turn to the Next Page*

*After completing the Verdict Form, please sign your names in the spaces provided below, fill in the date and time, and inform the Court Security Officer that you have reached a verdict.*

_____          _____
Foreperson

_____          _____


_____          _____


_____          _____


_____          _____


_____          _____

Date and Time:   _____

*Once you have signed the Verdict Form, please give a note – NOT the Verdict Form itself – to the Court Security Officer stating that you have reached a verdict.*

2