

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 13, 2023

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Mustapha Raji*, 19 Cr. 870 (JMF)

Dear Judge Furman:

      The Government respectfully submits this letter to inform the Court about an error that came to the Government's attention at the end of last week. Specifically, the Government recently identified an error in the jury instructions that the parties in the above-referenced case jointly requested (Dkt. 96 at 36-38) and that the Court delivered. Although for the reasons discussed below, this error does not affect the validity of the defendant's conviction, the Government wishes to alert the Court out of an abundance of caution.

      In instructing the jury about the nature of the objects of the money-laundering conspiracy charged in Count Two, the Court instructed: "The term 'specified unlawful activity' includes wire fraud and conspiracy to commit wire fraud. However, it is for you to determine whether the funds at issue were in fact the proceeds of the wire fraud scheme charged [in] Counts One and Two." (Tr. 746). That instruction was incorrect—specified unlawful activity includes "any act which is indictable under," a list of statutes including 18 U.S.C. § 1343 (substantive wire fraud, the charge in Count Two of the Indictment), but not including 18 U.S.C. § 1349 (wire fraud conspiracy, the charge in Count One of the Indictment). *See* 18 U.S.C. §§ 1956(c)(7)(A) & 1961(1)(B).

      The Court need not take any action, however, for two reasons. *First*, the invited error doctrine bars any defense challenge to the instruction because the same error was included in the parties' jointly proposed jury instructions. Specifically, the parties jointly proposed that the jury be instructed that "specified unlawful activity" included "the wire fraud scheme charged in Counts *One* and *Two*" (Dkt. 96 at 36 (emphasis added)) and that "it is for [the jury] to determine whether the funds here were in fact the proceeds of the unlawful activity, the wire fraud scheme, charged in Counts *One* and *Two*" (*Id.* at 38 (emphasis added)). Having invited the error by including it in jointly proposed jury instructions, the defendant has waived any challenge to it. *See, e.g.*, *United States v. Giovanelli*, 464 F.3d 346, 351 (2d Cir. 2006) (per curiam) ("If a party invited the charge…she has waived any right to appellate review of the charge." (cleaned up)); *United States v. Ozcelik*, 527 F.3d 88, 97 n.6 (3d Cir. 2008) ("Because [defendant] made a joint request in favor of the very instructions he now challenges, he waived his right to raise these instructional issues on appeal under the invited error doctrine.").

*Second*, in any event, the instructional error here was harmless. *See* Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."). Even the complete omission of an element—a graver error than the one here—is harmless where the trial evidence overwhelmingly proved that element. *See Neder v. United States*, 527 U.S. 1, 8-9, 15-16 (1999); *United States v. Agrawal*, 726 F.3d 235, 257 (2d Cir. 2013); *see also Pope v. Illinois*, 481 U.S. 497, 502-03 (1987) (same, re misstatement of element).

Here, the error was harmless beyond a reasonable doubt because (among other things) the defendant was convicted of the substantive wire fraud in Count Two and the trial evidence overwhelmingly proved that the defendant repeatedly transferred proceeds of acts chargeable under the substantive wire fraud statute, and "no rational juror, if properly instructed, could find" otherwise. *Pope*, 481 U.S. at 503. The transactions summarized in Government Exhibits 501 through 506 were individual acts taken in the course of the substantive wire fraud scheme charged in Count Two, that would have been—and were—indictable under Section 1343, of which the defendant was separately convicted at trial. As a result, any error in instructing the jury that the wire fraud conspiracy charge in Count One also constituted specified unlawful activity was harmless, and the Court should proceed to sentencing on Count Four.

Because any error was harmless, the Court need not take any action, and the Government respectfully submits that sentencing should proceed as scheduled. To the extent the defense wishes to litigate this issue, the proper forum now would be the Court of Appeals, as the time for post-trial motions has passed.

Should the Court have any questions, the Government will be prepared to address them at sentencing on July 20, 2023.

                Respectfully submitted,

                DAMIAN WILLIAMS
                United States Attorney

By:    /s/
       Catherine E. Ghosh
       Jilan J. Kamal
       Robert B. Sobelman
       Assistant United States Attorneys
       (212) 637-1114/2192/2616

Cc:    Jeremy Schneider, Esq. (by ECF)