

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 15, 2023

**BY ECF AND EMAIL**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

   Re: *United States v. Mustapha Raji*, 19 Cr. 870 (JMF)

Dear Judge Furman:

  The Government writes in response to the September 13, 2023 supplemental sentencing letter submitted by the defendant (Dkt. No. 145). In the letter, the defendant refers to two Eastern District of New York cases[1] that reportedly held that "intended loss cannot be used in calculating a defendant's Guidelines." (Def. Ltr. at 3.)

  Even if the E.D.N.Y. cases were factually similar to Raji's case (and they do not appear to be), courts in the Southern District of New York have repeatedly rejected the conclusion that Raji asks this Court to reach, which is also inconsistent with Second Circuit precedent. *See, e.g.*, *United States v. Powell*, 831 F. App'x 24, 25 (2d Cir. 2020) ("For the purposes of calculating the Guidelines range, loss is defined as 'the greater of actual loss or intended loss.'"); *United States v. Almaleh*, 17 Cr. 25 (ER) (S.D.N.Y. Jan. 20, 2023) (Tr. at 10-11) ("To state the obvious, we're not in the Third Circuit, we're in the Second Circuit. And my understanding is that in this circuit, loss under the guidelines does include intended loss. That has been the case from forever."); *United States v. Rahmankulov*, 20 Cr. 653 (RA) (S.D.N.Y. Mar. 19, 2023) (Tr. at 8) ("the Defense's reliance on the Third Circuit cases notwithstanding, the Second Circuit law is clear that 'for the purposes of calculating the Guidelines range, loss is defined as 'the greater of actual loss or intended loss.'") (quoting *Powell*, 831 F. App'x at 25); *United States v. Oladokun*, 20 Cr. 003 (KPF) (S.D.N.Y. Feb. 1, 2023) (Tr. at 94) ("On the legal issues raised regarding the loss amount with respect to, for example, the Third Circuit's decision in *Banks*, I am adhering to the Second Circuit's decisions in cases like *Powell*. I have not seen Second Circuit decisions in this space

---

[1] *United States v. Beebe*, 21 Cr. 197 (CBA) (E.D.N.Y., Dec. 20, 2021); *United States v. Gary*, 20 Cr. 440 (AMD) (E.D.N.Y., Aug. 24, 2023).

Honorable Jesse M. Furman
United States District Judge
September 15, 2023
Page 2

suggesting that Courts are to in fact disregard guidelines commentary. I also agree with the government's reading of the conspiracy guideline, which includes the intended loss."[2]).

For the reasons stated in the Government's May 9, 2023 sentencing submission (Dkt. No. 135), the Government submits that a sentence of at least 78 months' incarceration is appropriate.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:    s/
Catherine E. Ghosh
Jilan J. Kamal
Robert B. Sobelman
Assistant United States Attorneys
(212) 637-1114/2192/2616

cc: Counsel of Record (by ECF)

---

[2] The Government had noted during oral argument on the issue that "[t]here is one additional reason that applies to this case, but I don't think applied to *Banks*, and that's that this is a conspiracy case, not a substantive case, and under Section 2X1.1(a) of the guidelines, the base offense level explicitly includes 'any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty,' which is important because it shows that, in the context of conspiracy cases, focusing on intended conduct is explicitly included within the guidelines, not only in the commentary, as it is in 2B1.1." (Tr. at 26.)